LORD *v.* NATIONAL PROTECTIVE SOCIETY.[1]

1. BENEFIT SOCIETIES—NONPAYMENT OF DUES—WAIVER.

The acceptance of a past-due assessment by a benefit society, and its retention until after the commencement of suit, constitute a waiver of the right to assert a forfeiture of the certificate.

2. AMENDMENT OF DECLARATION—DISCRETION OF COURT.

The discretion of the circuit judge in allowing an amendment to a declaration will not be reviewed on error, except in clear cases of arbitrary and unjust exercise of power.

Error to Lapeer; Smith, J. Submitted June 3, 1903. (Docket No. 17.) Decided September 15, 1903.

*Assumpsit* by Leon Lord against the National Protective Society of Bay City on a benefit certificate. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Affirmed.

*Herbert W. Smith,* for appellant.

*R. L. Campbell* and *Geer, Williams & Halpin,* for appellee.

---

[1] Rehearing denied March 15, 1904.

Hooker, C. J. This cause has been before us hereto-
fore, and will be found reported in 129 Mich. 335 ( 88 N.
W. 876 ), where an outline of the facts upon which it rests
is stated. Upon the former trial, the court directed a verdict
for the defendant, and his judgment was reversed, this
court holding that, under the testimony, the court should not
have decided that there was no waiver of the provisions of the
policy. There was another question relating to damages.
While our opinion in that case states that the court erred in
directing a verdict for the defendant, it does not say that
a verdict for the plaintiff should have been directed; the
propriety of which instruction is involved upon this hearing.

It is claimed that the testimony was different upon the
second trial, in respect to the tender of dues paid, from
what it was on the earlier trial. The testimony showed
upon this trial, as it did upon the first, that, according to
the express terms of the certificate, sick benefits did not
accrue for sickness suffered at a time when plaintiff had
not been a member in good standing for the previous three
months, and that a failure to pay dues at the time fixed
for their payment terminated membership, but subject to
reinstatement upon payment of the dues if the member
continued in good health. The certificate also plainly
stated that one must have been a member in good stand-
ing for three months after reinstatement before becoming
entitled to sick benefits. Accident benefits were not so
limited. The certificate also contained the following pro-
vision:

"The observance of the provisions and conditions afore-
said, the strict compliance therewith, and the continuance
of this contract are conditions necessary to the insurance,
and to its validity and enforcement, and no waiver shall
be claimed by reason of the acts of any agent or person,
unless such acts shall be specially authorized in writing
over the signature of the secretary of the society."

It is undisputed that the payment which fell due August
1st was not paid at that time; consequently the policy
became void, under the provisions of the certificate:

"And it is further provided and understood that this policy shall cease and be void unless the payments required to be made thereunder shall be promptly paid on or before the first day of the month in advance."

Nothing more was done until August 25th, when Emma V. Lord, plaintiff's sister, acting on his behalf, paid $1 for the August 1st payment to Mr. Swan, a local agent of the defendant. She testified that she asked him before making the payment "if it made any difference paying late in the month, and he said it did not; lots of members paid late." A day or two later she received the following notice:

"NATIONAL PROTECTIVE SOCIETY, BAY CITY, MICH.

"Notice of Lapsed Membership.
                    "BAY CITY, MICH., Aug. 25, 1899.
"*Dear Sir:* Failure to pay your last premium call has caused your certificate of membership to lapse, and you stand suspended from all benefits of the society. As this may have been caused by negligence or forgetfulness on your part, if not suffering from sickness or accident, be reinstated as per provision of your certificate by paying one dollar to the local secretary of your division or at home office within ten days from date of this notice.
                    "Fraternally,
                         "F. S. DEWEY, Secretary.
        "Signed:        ———— Applicant.
        "Witnessed:    ———— Local Secretary."

She paid no attention to this whatever, relying on Swan's statement. Mr. Swan paid the money over to the company some time afterward.

The question in the case is one of waiver. It was expressly agreed in the contract, as shown by the certificate, that the local agent could not waive the provision that nonpayment of dues when due would terminate the policy. Hence the payment of the August 1st dues on August 25th to him, and his statement that it was all right, may not have constituted a waiver binding upon the company under the proofs. Nor was it held that it did in our former opinion, where it was expressly avoided. We said:

" Under this condition of things, we do not think it necessary to discuss whether the local agent could waive the time of payment of these dues or not."

That opinion states that:

" Payments were made to the local secretary for August, September, and October. They were retained by him until he forwarded his October report, when he sent them to the company, including them in his report as dues from Mr. Lord for August, September, and October. The home office did not repudiate his acts, and decline to receive the money as dues, and return it, but, at the time the suit was brought, it retained the money, and still has it. * * * It was one of the things that the home office could waive. The law does not favor forfeitures, and we do not think the home office can receive and retain this money when it was paid as dues, and at the same time claim a forfeiture. "

Hence the judgment was reversed.

Upon this trial there was testimony that two dollars of the money was tendered back before suit, but not accepted. This did not cover the payment of August 25th, however, as the September and October dues, at least, had then been paid and received as such, as stated in our former opinion, and as indicated by the testimony in this record. We are of the opinion that the proof is not essentially different upon this record from what appeared before, and that the uncontradicted evidence is to the effect that these dues were paid and received by the company as dues seasonably paid, to keep the policy alive and unimpaired. There is nothing to indicate that either party supposed there had been a lapse and reinstatement.

We find no other question of importance, except that relating to the amount of the verdict. Of that it is sufficient to say that the court appears to have been anxious to state the amount correctly, and asked counsel to say whether there was any dispute about the amount, but did not succeed in getting a definite answer as to the amount that they claimed had been shown.

We will not review the discretion of the circuit judge

upon the question of amending the declaration. This should not be done, except in clear cases of arbitrary and unjust exercise of power.

The judgment is affirmed.

The other Justices concurred.