JAMES ABELL v. MODERN WOODMEN OF AMERICA.[1]

December 22, 1905.

Nos. 14,611—(120).

**Mutual Benefit Insurance.**

Action upon a mutual benefit certificate issued by the defendant, which provided that if the member should engage in any occupation prohibited by the bylaws of the society the certificate should become ipso facto void as to any claim on account of the death of the member traceable to employment in such hazardous occupation. *Held*, that the certificate was not void for all purposes in case the member engage in the prohibited occupation. The defendant is exempted in such case from all liability on account of the death of the member by accident or disease directly traceable to such prohibited occupation, but the certificate remains in full force and effect except as to the hazards of such occupation.

**Prohibited Employment—Estoppel.**

The defendant is not estopped from insisting upon its exemption from liability for the death of the member, due to his engaging in such occupation, by accepting his dues and assessments with knowledge that he had entered upon such occupation.

Appeal by plaintiff from an order of the district court for Stearns county, Searle, J., denying a motion for a new trial, after a trial and findings in favor of defendant. Affirmed.

*H. S. Locke,* for appellant.

*Chas. G. Laybourn* and *Benj. D. Smith,* for respondent.

START, C. J.

Action by the father to recover $1,000 on a certificate issued by the defendant, a fraternal mutual benefit society, to his son, Clarence J.

[1] Reported in 105 N. W. 65, 906.

Abell, hereafter referred to as the insured. The facts are not in dispute. The trial court made findings of fact, based upon the admissions in the pleadings and the stipulation of the parties, and as a conclusion of law directed judgment for the defendant on the merits. The plaintiff appealed from an order denying his motion for a new trial.

The sole question for our decision is whether the facts found sustained the conclusions of law. The facts, briefly stated, are substantially these:

On May 17, 1899, the insured made application for and received from the defendant its benefit certificate in the sum of $1,000 payable at his death to his wife. ▪This certificate was surrendered, and on January 2, 1901, a new certificate in lieu thereof was issued by the defendant to the insured, payable to his father, the plaintiff herein. The contract between the insured and the defendant consisted of its bylaws, his application for membership, and its certificate. The bylaws of the defendant in force at the time the certificate was issued, and which are here material, are these:

> Sec. 14. Who May Not Become Beneficial Members.—A person engaged in any of the following occupations shall not become a beneficial member of this society, viz.: Railroad freight brakeman, railroad freight conductor, railroad locomotive engineer, railroad fireman, railroad switchman, railroad switch tender, railroad yardmaster, railroad yard foreman. * * * A person shall be held to be engaged in any of the foregoing prohibited occupations when the duties incident to his employment require him to perform any of the duties of said prohibited occupation.

> Sec. 15. Effect Upon Benefit Certificate by Reason of Holder Thereof Being Engaged in, or Hereafter Engaging in, Hazardous Occupations.—Engaging in, or entering on, or continuing in, any of the occupations or employments enumerated in section 14 of these bylaws, by any beneficial member of this society heretofore or hereafter admitted to such membership, shall totally exempt such society from any and all liability to such member, his beneficiary or beneficiaries, on account of or claimed as growing out of the death of such member by accident directly traceable to employment in such hazardous occupation or to disease directly traceable thereto; provided that if the occupation so engaged in was not prohibited by the laws of this society at

the date of the issuance of said member's certificate, nor at the time he engaged therein, the provisions of this clause shall not apply.

The application of the insured contained, with others, the following representations and statements, namely:

3. What is your occupation? Paper-hanger.

4. I am not directly or indirectly engaged in any of the following occupations prohibited by the bylaws of said society, viz.: * * * railroad freight brakeman, railroad freight conductor, * * * railroad switchman, * * * and agree that I will not hereafter, while a member of this society, engage in any of these occupations, except at the same time recognizing the full force of the society's law limiting or extinguishing its liability upon the certificate of any member engaged in such occupations.

6. * * * I further understand that this society does not indemnify against the death from suicide, if occurring within three years from date of certificate, or from death resulting from occupations prohibited by its laws.

The benefit certificate contained this provision:

If said member shall enter upon or follow any of the employments or occupations mentioned in section 14 of the bylaws of this society now in force or as hereafter amended, this certificate shall, so far as the same is intended to provide for the payment of benefits, become ipso facto null and void as to any claim growing out of or made on account of the death of said member by accident directly traceable to employment in such hazardous occupation, or from any disease directly traceable thereto; provided, that if the occupation engaged in was not prohibited by the laws of the society at the date of the issuance of said member's certificate, nor at the time he engaged therein, the provisions of this clause shall not apply.

At the time the insured made his application for membership and the certificates were issued by the defendant he was engaged in the business of paper-hanging. Such was his occupation until five months next before his death, but during the last five months of his life his occupation

was that of a railroad freight brakeman. On January 22, 1902, he was killed by being pinched between the bumpers of two freight cars which he was attempting to couple in the performance of his duties as such railroad freight brakeman. His death was due to an accident directly traceable to his engaging in the occupation of a railroad freight brakeman, and occurred while he was performing the duties thereof. During all the time he was engaged in such occupation he paid all of his dues and assessments to the defendant, and they were accepted and retained by the officers and agents of the defendant with knowledge that he was then following the occupation of railroad freight brakeman, and with such knowledge he was not disciplined, but retained and reported as a member in good standing up to and until the time of his death. Due proofs of his death were made and furnished to the defendant.

It is the contention of the plaintiff that when the insured engaged in the business of railroad freight brakeman the benefit certificate, by virtue of the express terms of the contract, because ipso facto void for all purposes—that is, it was entirely forfeited; that there could be no consideration for the subsequent payment of dues and assessments by the insured, unless the certificate should be continued in force. Therefore, the defendant having accepted and retained such dues with knowledge of such forfeiture, it is estopped from asserting the forfeiture, or, as is sometimes said, waived it. If the premises of this proposition be correct, the conclusion is correct. The cases cited and relied upon by plaintiff's counsel fully sustain it. On the other hand, if by the terms of the contract the benefit certificate was not made void for all purposes by the insured entering upon the occupation of railroad freight brakeman, but remained in full force and effect, except as to the hazards of such occupation, there was ample consideration for the payment of the dues, and the defendant was not estopped by receiving them from insisting that it did not insure against such hazards. The question, then, in its last analysis, is whether the certificate became ipso facto void for all purposes upon the insured entering upon the occupation of a freight brakeman.

The contract must be construed as a whole, and, reading the bylaws, application, and certificate together, it is clear that it was not the intention of the parties that the certificate should be absolutely void if the insured entered upon any of the prohibited occupations. Section 14 of

the bylaws prohibits membership to persons engaged in the occupations therein enumerated; but section 15 thereof declares the effect upon the certificate if a person, after he becomes a member, engages in, enters on, or continues in any of the employments enumerated in section 14. The declared effect is, not that the certificates shall be void for all purposes, but that the society shall be totally exempt from all liability on account of the death of such member by accident or disease directly traceable to such hazardous occupation. The proviso to section 15 was obviously added for the purposes of preventing any retroactive application of the bylaws. The understanding of the insured as to the prohibited occupations is shown clearly by his application to have been as stated in the bylaws; for he therein declares that he understands that the society does not indemnify against death resulting from occupations prohibited by its laws. Again, the certificate provides that if a member engages in a prohibited occupation it shall become ipso facto void as to any claim on account of the death of a member due to his engaging in such occupation; that is, the nullity of the certificate in case a member engages in a forbidden occupation is expressly limited to claims on account of his death traceable to his employment in such hazardous occupation, and as to such claims the society is wholly exempt from liability.

We so construe the certificate, in connection with the bylaws and application. It follows that during all the time the insured was engaged as a railroad freight brakeman his benefit certificate was in full force and effect, except as to the hazards of such occupation, and hence the defendant was not estopped from pleading its exemption from liability for his death, which was due to such hazards, by accepting and retaining his dues; and further that, his death having resulted from one of the excepted causes for which it was stipulated that the defendant should not be liable, the court correctly directed judgment in its favor.

Order affirmed.

On January 19, 1906, the following opinion was filed denying an application for reargument.

PER CURIAM.

Application by counsel for appellant for a reargument of this cause upon the alleged ground that he and the court overlooked the proposi-

tion that "modern courts very justly hold restrictions in policies inoperative which render the insurance nugatory and valueless by attempting to avoid liability for injuries sustained by the insured while performing necessary acts embraced in his classified occupation."

The authorities cited by counsel sustain this proposition; but it is not decisive of this case, for it is not relevant to the facts thereof. The insured was classified as a paper hanger, a permissible occupation; but he voluntarily engaged in the occupation of a railroad freight brakeman. This was a prohibited or noninsurable occupation by the terms of his certificate, which expressly exempted the defendant from all liability on account of his death by accident or disease directly traceable to such hazardous occupation. Therefore he was not injured "while performing necessary acts embraced in his classified occupation."

Application denied.