MODERN WOODMEN OF AMERICA V. MAGGIE TALBOT.

FILED MAY 3, 1906.   No. 14,304.

1. **Insurance Certificate**: PROHIBITED OCCUPATIONS. A life insurance
certificate issued by a fraternal benefit society, which provides
that if the member should engage in an occupation prohibited by
the by-laws of the society the certificate should become *ipso facto*
void as to any claim on account of the death of the member
traceable to employment in such hazardous occupation, does not
become void for all purposes in case the member engages in a
prohibited occupation, but the society is exempted in such case
from all liability on account of the death of the member by ac-
cident directly traceable to such prohibited employment, and the
certificate remains in full force except as to the hazards of such
occupation.

2. **Assessments**: ESTOPPEL. The society is not estopped from insist-
ing upon its exemption from liability for the death of the mem-
ber, due to his engaging in a prohibited occupation, by accepting
his dues and assessments, with knowledge that he had entered
upon such occupation.

3. ———. In such case the same consideration remained for the pay-
ment of dues and assessments as would have existed had the
member not engaged in a hazardous and prohibited occupation.

ERROR to the district court for Polk county: ARTHUR J.
EVANS, JUDGE. *Reversed.*

*B. D. Smith* and *Talbot & Allen,* for plaintiff in error.

*E. E. Stanton, contra.*

JACKSON, C.

On January 24, 1900, the Modern Woodmen of America
issued to Charles F. Talbot a benefit certificate contain-
ing a contract for life insurance payable to Maggie Talbot,
mother of the insured. One of the conditions of the cer-
tificate was: "If said member shall enter upon or follow
any of the employments or occupations mentioned in sec-
tion 14 of the by-laws of this society now in force, or as
hereafter amended, this certificate shall, so far as the same

is intended to provide for the payment of benefits, become *ipso facto* null and void as to any claim growing out of or made on account of the death of said member by accident, directly traceable to employment in such hazardous occupation, or from any disease directly traceable thereto." Among the prohibited occupations mentioned in section 14 of the by-laws of the society is that of railroad brakeman on all trains, except passenger trains using air brakes only. Talbot died on the 7th day of June, 1903, and prior to his death had made payment of all dues and assessments maturing during his lifetime. His mother, as beneficiary, brought suit on the policy, and recovered judgment for the amount of insurance contracted for, with interest and costs, and the society has instituted this proceeding to rereverse the judgment so obtained.

The defense interposed by the society is that the insured came to his death by accident while employed as brakeman on a construction train, and that his death was directly traceable to such employment. The case was tried upon a stipulation of facts, from which it appears that at the time the certificate was issued the insured was employed as a common laborer; that he came to his death at Promontory Point, Utah, on the line of the Southern Pacific Railroad Company, by being crushed between the bumpers of two freight cars which he was attempting to couple, and that he was at that time engaged in performing his duties as a railway brakeman on a construction train; that his death was directly traceable to his employment as such brakeman, and the fact that he was so employed was known to the clerk of the camp to which the insured belonged, and while so employed the clerk, knowing the character of his employment, accepted from the insured dues and assessments payable under the provisions of the policy. The correctness of the judgment depends upon the construction to be placed upon the contract of insurance. As we view the contract, it did not become void by reason of the insured being engaged in the prohibited employment. It was in full force and effect as to all risk which the society

assumed by its contract of insurance, and had the insured met his death while so engaged, on account of any cause within the terms of the contract, the contract would have been enforceable, notwithstanding his employment as a railway brakeman, but the death of the insured on account of any cause directly traceable to a prohibited employment is one of the risks not assumed by the society. There is in this case no question of waiver by reason of the acceptance of dues and assessments by the society, the same consideration remained for the payment of dues and assessments as would have existed had the insured not engaged in a hazardous and prohibited employment. *Abell v. Modern Woodmen of America,* 96 Minn. 494, 105 N. W. 65.

The case does not fall within the rule of *Modern Woodmen of America v. Lane,* 62 Neb. 89, or *Modern Woodmen of America v. Colman,* 64 Neb. 162. In the former case the rules of the society required a member to be in good standing in order to change the beneficiary by surrender of certificate and the issuance of a new one. It was held that, where the representative of a mutual benefit insurance company, within the scope of his authority, accepts a surrender of a benefit certificate and a fee for the issuance of a new one, with knowledge that the holder of the certificate is in arrears for dues or assessments, it was a recognition of the continued validity of the certificate, and was a waiver of the forfeiture as a matter of law. In the latter case the policy contained the provision: "If, after a person has become a member of this fraternity, he engages in any of the employments or occupations enumerated in section A, division 1, of the fundamental laws, his certificate thereupon shall be forfeited by such act, and the same shall be null and void. *Provided, however,* that a neighbor may, after becoming such member, without invalidating his certificate, be employed as railway brakeman, engineer, fireman * * * if he shall, before entering upon any of the above mentioned occupations, file with the head clerk a written waiver of any liability of this

order under his certificate of membership, for loss or death as the direct result of his being engaged in such prohibited occupation." Fireman on a locomotive was one of the prohibited employments. The deceased in that case was run over and killed by an engine on which he was employed as fireman, and during the time that he was so employed the camp clerk, knowing the character of his employment, accepted assessments and dues as they matured, without requiring the waiver of liability provided for by the contract, and it was held that the acceptance of the assessments and dues amounted to a waiver on the part of the association. There, however, it will be observed, the provision for a forfeiture was absolute and covered loss by death from any cause, and while the association, with knowledge of the facts constituting the forfeiture, might properly have declined to receive payment of dues and assessments, it continued to receive payment, and by so doing created an estoppel to deny liability. Contracts similar in effect to the one in suit are uniformly held to be legal and binding upon the parties who choose to enter into them, and in the absence of facts constituting waiver or estoppel are always enforced. The limitations as to prohibited employment established by the terms of the contract are legitimate and proper for the protection of all members of the association, and should in all proper cases be enforced.

Under the admitted facts, the judgment of the district court should be reversed and the cause remanded. We so recommend.

ALBERT, C., concurs.

DUFFIE, C., not sitting.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.