MARTHA A. CRITES, APPELLEE, v. MODERN WOODMEN OF AMERICA, APPELLANT.*

FILED SEPTEMBER 16, 1908.   No. 15,284.

1. **Insurance:** BENEFICIAL ASSOCIATIONS: HAZARDOUS OCCUPATIONS: ESTOPPEL. A life insurance certificate issued by a fraternal benefit society provided that the insured should observe the by-laws of the order adopted from time to time, and also that the certificate should be void if the insured engaged in certain named hazardous occupations. Another provision of the certificate allowed the insured to engage in such hazardous occupations on filing a waiver of liability of the order on account of death arising from accident occurring in such occupation. Afterwards by an amendment to the by-laws no waiver of liability was required from the insured on his engaging in the prohibited occupation, but the certificate became void as to any claim on account of the death of the insured traceable directly to employment in such hazardous occupation, but remaining in force and collectable on account of death from other causes. *Held,* That the order is not estopped from pleading its exemption from liability for the death of the insured, due to his engaging in a prohibited occupation, by accepting his dues and assessments, with knowledge that he was so engaged.

2. **Trial:** EVIDENCE: WAIVER. On cross-examination of the defendant's head clerk, the plaintiff asked him to produce and have attached to his deposition a copy of the by-laws of the order in force in 1903. A copy of the by-laws of that year was produced by the witness and attached to his deposition as an exhibit. *Held,* That the plaintiff could not object to the by-laws on the ground that no showing had been made of their legal adoption by the order.

*Rehearing allowed. See opinion, 84 Neb. —.

APPEAL from the district court for Merrick county: CONRAD HOLLENBECK, JUDGE. *Reversed.*

*Benjamin D. Smith* and *Talbot & Allen,* for appellant.

*Martin & Ayres, contra.*

DUFFIE, C.

June 16, 1907, the Modern Woodmen of America issued to C. H. Crites a benefit certificate containing a contract for life insurance payable to Martha A. Crites, his wife. One of the conditions of the certificate was: "If after a person has become a member of this fraternity he engages in any of the employments and occupations enumerated in section A, division 10 of the by-laws of this order, the certificate thereupon shall be null and void." Following this was a proviso allowing the insured to engage in the business of railway brakeman on freight trains and other hazardous occupations mentioned in section A, division 10 of the by-laws, on filing with the head clerk a written waiver of any liability of the order in case of death as a result of accident occurring in, or disease directly traceable to, his employment in such prohibited occupation. The certificate contained further conditions of forfeiture if the insured should not comply with the conditions of the certificate and such by-laws and rules of the order as might be adopted by the head camp from time to time, or the local camp of which the insured was a member. The insured came to his death by being run over by a freight car while engaged as a brakeman on the Burlington & Missouri River Railway. It is conceded that the insured was engaged as brakeman on a mixed train for about two years previous to the accident which caused his death October 6, 1905, and it is admitted that he paid all sums due under the terms of his policy up to the time of his death. It is established that the clerk of the local camp, who collected and receipted for the dues paid by the insured, had knowledge of the defendant's employment as

brakeman during the time of such employment, and that he filed no waiver with the head clerk on entering such employment. Suit was instituted by the plaintiff as beneficiary under the certificate to recover $1,000, the amount of the insurance, and the defense interposed was that the insured did not comply with a by-law of the order enacted after the issuance of the certificate. At the conclusion of the evidence the court directed a verdict for the plaintiff, and, judgment having been entered on the verdict, the defendant has appealed.

An examination of the defendant's answer discloses that it relies on an amendment made to its by-laws in 1903 to defeat the plaintiff's claim. By this amended by-law railroad brakemen on all trains except passenger trains using air brakes only, and numerous other persons engaged in various employments, were refused beneficial membership in the order. By section 15 of the by-laws of 1903 a member's certificate was forfeited by engaging in, entering on, or continuing in any of the prohibited occupations or employments on account of death from accident occurring from the employment, or from disease traceable directly thereto. This amendment contained no provision for filing a waiver by the insured on entering such hazardous employment, as did the certificate issued to the deceased, and on which suit is brought. The effect of this amendment was to avoid the policy in case of death arising from accident occurring in the prohibited employment, or on account of disease directly traceable thereto. In case of the death of the insured arising from any cause other than accident or disease directly traceable to the prohibited employment, the certificate was in full force and effect. This being the case, the receipt of the dues by the order does not create an estoppel to deny liability, the action being ruled by *Modern Woodmen of America v. Talbot*, 76 Neb. 621. In that case we held, under circumstances similar to those in this case: "The society is not estopped from insisting upon its exemption from liability for the death of the member, due to his

Crites v. Modern Woodmen of America.

engaging in a prohibited occupation, by accepting his dues and assessments, with knowledge that he had entered upon such occupation."

It is urged by the defendant that the record does not contain any competent evidence of the 1903 amendment to its by-laws. We cannot agree with this contention. The defendant took the deposition of C. W. Hawes, the head clerk of the defendant, and keeper and custodian of its records and files. The plaintiff filed cross-interrogatories, one of which, the twelfth, is as follows: "Have you a copy of the head and local camp by-laws of the Modern Woodmen of America revision of 1903? If you answer that you have, the plaintiff asks that the notary identify it as an exhibit, and attach it and make it a part of this deposition upon being identified by the witness." In reply to this question, the witness produced "exhibit E" as the by-laws of the order adopted in 1903, and attached the same to his deposition. Sections 14 and 15 of these by-laws relating to prohibited employment are as above set out, and were before the court and jury for consideration. We cannot hold that the plaintiff may object to the competency of evidence placed in the record on her own motion. Weeks, Law of Depositions, sec. 480.

We recommend a reversal of the judgment of the district court and remanding the cause for further proceedings.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for another trial.

REVERSED.