MARTHA A. CRITES, APPELLEE, V. MODERN WOODMEN OF
AMERICA, APPELLANT.

FILED MAY 7, 1909.   No. 15,284.

1. Evidence: DEPOSITIONS. A party taking a deposition may offer in
   evidence and read the cross-examination of witnesses examined
   by him in chief, and may use exhibits produced by the witnesses
   and identified upon cross-examination.

2. Beneficial Associations: STATUTORY REQUIREMENTS. A fraternal
   beneficial association filed in the office of the auditor of state
   its original constitution and by-laws in printed form properly
   certified, and after each biennial meeting of its head organiza-
   tion filed copies of the same as amended. The printed books were
   divided into chapters and sections, and so indexed as to be easy
   of reference and comparison. *Held*, a substantial compliance
   with the statute.

REHEARING of case reported in 82 Neb. 298. *Judgment
of reversal adhered to.*

LETTON, J.

The facts in this case are recited in the former opinion,
82 Neb. 298. A rehearing was granted upon the question
as to whether there was competent evidence of the mak-
ing of the amendment to the by-laws of the order in 1903.
In the former opinion it was held that by cross-examin-
ing a witness of defendant whose deposition was taken,
and by requesting a copy of the by-laws adopted by the
Modern Woodmen in 1903 to be produced by the witness
and attached to the deposition, the plaintiff had waived

objection to the competency of the proof. We have re-examined the record with reference to this point. The defendant proved by its head clerk the adoption of the original by-laws in 1895, and that these could only be changed at the sessions of its head camp, and proved successive biennial amendments at each head camp. The witness then identified the original record of the by-laws adopted at the head camp meeting in June, 1903, and further testified that exhibit "F" was a true and correct copy of the original by-laws as revised and adopted in June, 1903. Exhibit "F" was then attached to the deposition. Like testimony was offered and action taken as to exhibit "G," being the 1905 revision. On cross-examination the plaintiff was asked the following question: "Q. Have you a copy of the head and local camp laws of the Modern Woodmen of America, revision of 1903? If you answer that you have, the plaintiff asks that the notary identify it as an exhibit, and attach it to and make it a part of this deposition upon being identified by the witness. A. Yes." (See exhibit "E" hereto attached.) There is no exhibit "E" attached to the deposition. Reading the whole deposition, it is perfectly apparent that the reference to exhibit "E" is a typographical error and actually refers to exhibit "F." It is plain that the copy of the revision of 1903 is the exhibit referred to. A similar mistake was made by referring to exhibit "G" as exhibit "F." The plaintiff proved on cross-examination that the revision of the 1903 by-laws was filed with the auditor on September 30, 1903, and that of 1905 on January 31, 1906.

The plaintiff contends that, by merely asking a witness on cross-examination to produce a paper in his possession and to make it a part of the deposition, he is not precluded from objecting to the introduction of the same in evidence, and that this portion of the deposition was never offered or received in evidence; but the record shows that the entire deposition was offered and received in evidence without objection, other than objections made by each party to specific questions. No objection was

made by the plaintiff to the reading of the cross-examination by the defendant, and the statute (code, sec. 383) allows this to be done. *Ulrich v. McConaughy,* 63 Neb. 10. Having made the proof himself he cannot complain.

It is further objected that the filing of the entire body of the constitution, by-laws and rules as amended biennially at the head camp of the defendant association is not a compliance with the statute which requires each amendment to be certified and filed in the office of the auditor of state. We think this objection is purely technical. The printed body of the laws is divided into numbered chapters and sections, with catchwords and page heads, and is thoroughly indexed, and any change made can be readily ascertained by a comparison of the pamphlet with the last previously filed. We think this substantially complies with the statute.

We are satisfied that, while the former opinion contained a few verbal inaccuracies, the law laid down therein was sound and the conclusion proper. For these reasons, the former opinion is adhered to.

JUDGMENT ACCORDINGLY.