LARKIN v. MODERN WOODMEN OF AMERICA.

1. INSURANCE—FRATERNAL BENEFICIARY ASSOCIATIONS—EXHAUSTION OF REMEDIES WITHIN THE ORGANIZATION.

A clause in a fraternal benefit insurance policy, providing that no action shall be maintained on the certificate until after the proofs of death have been filed and passed upon by the board of directors, is a valid limitation, and is a condition precedent to the right of action.

2. SAME—OFFICERS—PRINCIPAL AND AGENT—AUTHORITY.

Under the by-laws of a fraternal beneficiary society, prohibiting any officer or local camp official from waiving the provisions of a policy of insurance, and declaring that the clerk of a local camp is not the agent of the head camp, the clerk of a local camp could not waive the by-laws of the great camp, relating to the exhaustion of remedies within the order.

3. SAME—WAIVER.

It did not amount to a waiver of the condition precedent, that the clerk of a local camp told the plaintiff if she would pay a part of the amount received to her daughter-in-law, the claim would be allowed, when it appeared that she rejected the proposition and lost nothing in reliance on it.

4. SAME — DELAY IN DETERMINATION — REASONABLE TIME — BY-LAWS.

The board of directors may not arbitrarily and indefinitely postpone action on a claim, and thereby defeat the beneficiary's right of action, although the by-laws fix no time within which they shall act.

5. SAME—REASONABLE TIME.

Nine months is not an unreasonable time for the board of directors to take in passing on a claim which they had caused to be investigated and found reason to believe was invalid for breach of a condition in the insurance policy against the excessive use of intoxicating liquors.

Error to Washtenaw; Kinne, J. Submitted June 29, 1910. (Docket No. 111.) Decided September 28, 1910. Rehearing denied February 1, 1911.

Assumpsit by Margaret Larkin against the Modern Woodmen of America on a policy of insurance. A judgment for plaintiff is reviewed by defendant on writ of error. Reversed, and no new trial ordered.

*Truman Plantz* and *Smith, Baldwin & Alexander*, for appellant.

*A. J. Sawyer & Son*, for appellee.

BROOKE, J. Plaintiff is the beneficiary in an insurance policy issued to her son by the defendant, a fraternal organization. The insured came to his death by falling from the rear platform of an interurban car, on September 19, 1908. He had been a member of the defendant society for about nine years. The issues raised by defendant's plea were:

(1) That the suit was prematurely launched.
(2) That the insured had misrepresented material facts in his application, with reference to his use of alcoholic beverages.
(3) That the policy of insurance had been rendered void by the act of the insured in becoming intemperate in the use of intoxicating liquors.

(4) That the insured came to his death, either directly or indirectly, because of the intemperate use of intoxicating liquors.

Testimony was introduced on behalf of the defendant tending to establish each of these claims. With reference to the first: It appears that the insured died on September 19, 1908, and that proofs of death were duly forwarded to defendant. They were referred to Mr. C. J. Byrns of Ishpeming, Mich., for investigation, in October, 1908. Mr. Byrns made an investigation as to the habits of the insured, which resulted in disclosing facts which defendant relies upon to defeat the policy, upon the merits of the case. On February 27, 1909, Byrns wrote to plaintiff's counsel as follows:

"Am advised suit has been brought by the widow of our deceased neighbor (the insured) against the saloon keeper who sold him liquor the day of his death, which accounts for the delay in payment beyond the March meeting of the board."

On June 23, 1909, Byrns wrote as follows:

" I thank you very much for the information conveyed, relative to the nonsuit (the widow's suit against the saloon keeper). The next meeting of our board of directors will convene at Rock Island, Ill., on the 14th of July, when a concluding decision will be reached in connection with this claim."

Six days later, on June 29, 1909, plaintiff commenced her suit.

The certificate sued upon contained the following provision:

"(6) No action can or shall be maintained on this certificate until after the proofs of death and claimant's right to benefits, as provided for in the by-laws of this society, have been filed with the head clerk and passed upon by the board of directors, nor unless brought within one year after the date of such action by said board."

Section 45 of the by-laws contained the same provision. We have recently held that a clause similar in all essen-

tials to the above is binding upon the parties, and that no action can be instituted until the remedies within the order are exhausted. *Conley* v. *Supreme Court, I. O. F.*, 158 Mich. 190 (122 N. W. 567), and cases there cited. It was claimed by plaintiff that this provision of the by-laws had been waived by the defendant. A motion having been made by the defendant for a directed verdict, upon the ground that the suit was prematurely brought, the court said:

"My idea about the matter is that the only question for the jury to determine is whether or not he had become intemperate in the use of intoxicating drinks. If they find he had, I don't think she can recover. I don't think there is any evidence of a waiver. At present I will deny the motion, and you may go to the jury."

Upon this point the court charged the jury as follows:

"It is claimed by the defendant in this suit that the plaintiff could not maintain this suit until her remedy provided by the by-laws had been exhausted; that is, until it had been passed upon by the board of directors. If the jury shall find from the evidence in this case that a time was fixed for the hearing of plaintiff's claim before the board of directors and no action was taken, and that a second time was fixed for the hearing of said claim and no action was taken, and that in the interim the beneficiary, the plaintiff in this case, was informed by the defendant's agents that if she would pay a part of the loss to the daughter-in-law the claim would be allowed, and it was intimated to her that the claim would be allowed, then the jury have a right to find that the defendant had waived the right to defeat the plaintiff's recovery on the ground that suit had been prematurely brought."

The defendant's agent, referred to in the quotation, one Taylor, was clerk of the local camp at Adrian. Section 40 of the by-laws provides:

"No officer of this society except as provided in section 107 hereof, nor any local camp officer, is authorized or permitted to waive any of the provisions of the by-laws of this society which relate to the contract between the mem-

ber and the society, whether the same be now in force, or hereafter enacted."

Section 271 provides:

"The clerk of the local camp is hereby made and declared to be the agent of such camp and not the agent of the head camp, and no act or omission on his part shall have the effect of creating a liability on the part of this society, nor of waiving any right or immunity belonging to it."

It is clear that Taylor, the clerk of a local camp, could not waive the by-laws of the society. *Lord* v. *National Protective Society*, 134 Mich. 357 (96 N. W. 443). See, also, *Showalter* v. *Modern Woodmen of America*, 156 Mich. 390 (120 N. W. 994), where this court said:

"But the contract was with the great camp, and the waiver must be by the great camp, and a waiver which would bind the great camp must arise from a failure to do some act which it was its duty to do to avoid the waiver."

The following cases bear upon the same question: *Cook* v. *Insurance Co.*, 84 Mich. 12 (47 N. W. 568); *Kocher* v. *Catholic Benevolent Legion*, 65 N. J. Law, 649 (48 Atl. 544, 52 L. R. A. 861, 86 Am. St. Rep. 687); *Field* v. *Knights & Ladies of Security*, 64 Neb. 226 (89 N. W. 773); *Royal Highlanders* v. *Scovill*, 66 Neb. 213 (92 N. W. 206, 4 L. R. A. [N. S.] 421); *Modern Woodmen of America* v. *Talbot*, 76 Neb. 621 (107 N. W. 790). But, even if Taylor had had authority to bind defendant, what he said, according to the testimony of plaintiff, would not constitute a waiver of the by-laws. His statement that, if plaintiff would pay a part of the loss to her daughter-in-law, the claim would be allowed, was not acted upon by plaintiff, nor was any expense incurred by her in reliance thereon. Indeed, she rejected the proposition at the time it was made.

It will be noted that the by-law in question fixes no time limit within which the board of directors must pass upon the claim. We think it clear that the board may not arbitrarily and indefinitely postpone action upon a claim

and so defeat a beneficiary's right of action.  It is its duty to act in good faith and within a reasonable time.  Was the delay in the case at bar an unreasonable one under the circumstances?  We think not.

The investigating member of the board received much information in the home town of the insured tending to establish:

(1) The fact that he had become intemperate in the use of alcoholic liquors; and

(2) That he had come to his death, either directly or indirectly, through such use.

It must be remembered that in the payment of death claims this society is administering a fund in the nature of a trust, and that it is not only its privilege, but its bounden duty, to make all reasonable investigation to the end that the funds of the society may not be paid out to those not legally entitled to the same, thereby weakening the protection to those members of the society who are in good faith keeping to the terms of the contract between them and it.  The correspondence clearly indicates that the board was proceeding with reasonable celerity and in good faith to determine whether or not payment should be made upon the certificate, without contest, and, as indicated by the letter of June 23d, that decision would have been reached within a few days thereafter.

A verdict should have been directed for the defendant upon this ground, but without prejudice to the commencement of another action, in case the decision of the board should be adverse to the claimant.

Reversed, and no new trial ordered.

OSTRANDER, MOORE, BLAIR, and STONE, JJ., concurred.