# MODERN WOODMEN OF AMERICA v. WEEKLEY.

No. 3581.    Opinion Filed February 10, 1914.

Rehearing Denied April 17, 1914.

(139 Pac. 1138.)

1.    INSURANCE — Benefit Certificate — Construction—Forfeiture.  A condition in a fraternal benefit certificate that, "if the above-named member shall, at any time after the issuance of this certificate, enter upon any of the hazardous occupations named in sections 15, 16 or 18 of the by-laws of this society, as the same now exist or may be hereafter modified, amended or enacted, the entering upon said employment shall limit or extinguish the liability of this society upon this certificate in accordance with the by-laws of the society," is a reasonable and binding provision. And, where the by-laws enumerate, among the hazardous occupations, "linemen in the employment of electric car company, or power or electric light company," and further provide that the effect of entering upon such hazardous occupations "shall totally exempt said society from any and all liability to such member, his beneficiary or beneficiaries, on account of the death of such member directly traceable to employment in such hazardous occupation," held, the certificate is not rendered void by the member entering upon such hazardous occupation, but the society is exempt from liability on account of death of the member by accident or disease directly traceable to such hazardous employment; the certificate remaining in full force and effect, and the association's liability continuing if death results from any other cause.

2.    SAME—Liability on Benefit Certificate—Estoppel—Acceptance of Dues and Assessments.  Where, after the issuance of the certificate, the member enters upon such hazardous occupation, and death results directly traceable to such hazardous occupation, the society is not estopped from denying liability on such certificate by reason of the fact that the member's dues and assessments for a permissible occupation were accepted and retained up until the time of his death.

3.    SAME—Mutual Benefit Insurance—Action on Certificate—Plea— Estoppel.  An estoppel or waiver of the conditions in a benefit certificate, in order to be available to the beneficiary in an action thereon, must be specifically and distinctly pleaded, and if not so pleaded evidence of such estoppel or waiver is not admissible at the trial.

4.    SAME—Authority of Agent—Waiver of Conditions.  The local agent of an insurance company who has authority to solicit, execute, and deliver policies for the company has authority to waive conditions of the contract of insurance, but a local agent with power only to solicit applications and forward them to the company, who issues and delivers the policies, has no such power.

(Syllabus by Galbraith, C.)

*Error from Superior Court, Garfield County;
Dan Huett, Judge.*

Action by Mary Weekley against the Modern Woodmen of America to recover the amount of benefit certificate issued to June Weekley, deceased. Judgment was for the plaintiff, and the defendant brings error. Reversed.

*Truman Plantz, Geo. L. Bowman,* and *Geo. G. Perrin,* for plaintiff in error.

*Parker & Simons,* for defendant in error.

Opinion by GALBRAITH, C. The contract involved in this action consists of the insured's application, the benefit certificate, and the by-laws of the society. In the insured's application for membership question No. 3. and his answers are as follows:

"Q. What is your business or occupation? A. Laborer. (b) Q. Have you any other business, employment or occupation, either regular, occasional, or during any part of the year? A. No."

And answer No. 4 in his application is:

"I am engaged in an honorable and lawful business or vocation and I am not now, nor occasionally, nor continuously during any part of the year, directly or indirectly, engaged or employed, except as above specified, in any of the following occupations classed as hazardous or prohibited by the by-laws of said society, viz.: * * * Lineman in the employ of an electric car company, or electric power or electric light company."

Section No. 7 of the certificate issued to the insured is as follows:

"If the above-named member shall, at any time after the issuance of this certificate, enter upon any of the hazardous occupations mentioned in sections 15, 16, or 18 of the by-laws of the society, as the same now exist or may be hereafter modified, amended, or enacted, the entering upon said employment shall limit or extinguish the liability of this society upon this certificate in accordance with the by-laws of the society."

In section 15, referred to in the above section of the certificate, among occupations listed as hazardous, we find numbered 6 is "linemen in the employ of an electric car, or an electric

power or an electric light company," and the provisions of section 17 of this policy read as follows:

"Engaging in, or entering on, or continuing in, any of the occupations or employments enumerated in sections 15 or 16 of these by-laws, by any beneficial member of this society, heretofore or hereafter admitted to such membership, shall totally exempt said society from any and all liability to such member, his beneficiary or beneficiaries, on account of the death of such member directly traceable to employment in such hazardous occupation."

The association denies liability upon the ground that, after the issuance of the certificate, the insured engaged in an occupation designated as hazardous, which, by the terms of the contract, exempted the company from liability for death resulting from such hazardous occupation. The plaintiff attempted to plead a waiver of this provision of the contract by the association. The question of the power of the secretary of the local camp to change the terms of the contract was submitted to the jury by the trial court. The verdict of the jury was for the plaintiff, and, in returning this verdict, it necessarily found that he possessed this power, and that the terms of the policy had been changed by the clerk of the local camp. After the overruling of its motion for new trial, the association appealed to this court by petition in error and case-made.

The assignments of error raise a number of questions: (1) As to the order of the court in overruling the demurrer to the amended petition; (2) as to the correctness of the theory upon which the trial court submitted the case to the jury; and (3) its rulings on the admission of evidence.

There is no dispute about the following facts, to wit: That the insured's benefit certificate bears date of March 16, 1908; that his death occurred on June 8, 1909, while he was an employee of the Enid Electric & Gas Company as a lineman; and that his death was caused by an electric current, a short circuit, while working on the wires at the top of a pole; and that he had followed this employment with the electric light company for some six or eight months prior to his death; and that his dues to the lodge were regularly paid, and he was in good standing in

his local camp at the time of his death; and that proofs of death were furnished as required by the terms of the contract. There is conflict in the testimony as to whether the secretary of the local camp knew that the insured was following the hazardous occupation during the time he accepted the dues, and prior to the day of the death of the insured. However, in the view we take of this case, this fact is immaterial.

The evidence shows that the beneficiary named in the certificate, being the mother of the insured, paid the dues to the secretary of the local camp for the insured, and that, some time after the insured had entered upon the hazardous occupation, his attention was called to the fact, by a lodge member, that he ought to have his certificate changed so as to cover the hazardous occupation in which he was engaged, and that the insured asked his mother to confer with the secretary of the local camp about having his certificate changed so as to cover the risk in the hazardous occupation. The mother, and beneficiary, testified that, by request of the insured, she then called upon the secretary of the local camp, and asked him what effect the change of occupation of the insured from a permissible occupation to one deemed hazardous by the terms of the policy would have upon the benefit certificate, and that he assured her that it would not affect it, and that the certificate was all right, and with that assurance she paid the assessment then due and continued to pay them up until the time of the insured's death. This testimony is denied by the clerk of the local camp.

Section 39 of the by-laws of the association reads:

"No Waiver of Any By-Laws—No officer of this society, except as provided in section 108 hereof, nor any local camp officer, is authorized or permitted to waive any of the provisions of the by-laws of this society which relate to the contract between the member and the society, whether the same be now in force or hereafter enacted."

Section 108 reads:

"May Grant Dispensations.—The head consul may grant written dispensations for any purpose except to admit persons to membership who are not eligible thereto under the by-laws of this society. He shall not have the power to do anything that will

in any manner impair the contract of the beneficial member with this society."

Section 260 reads:

"No Local Camp, or Officer Thereof Shall Waive By-Laws. —No local camp, nor any of the officers thereof, shall have the right or power to waive any of the provisions of the by-laws of this society."

Section 287 reads:

"Clerk Declared to be Agent of Local Camp.—The clerk of a local camp is hereby made and declared to be the agent of such camp, and not the agent of the society, and no act or omission on his part shall have the effect of creating a liability on the part of this society, or of waiving any right or immunity belonging to it."

Notwithstanding the provisions of section 287, some courts hold that the clerk of a local camp is the agent of the head camp. *Modern Woodmen of America v. Breckenridge,* 75 Kan. 373, 89 Pac. 661, 10 L. R. A. (N. S.) 136, 12 Ann. Cas. 636; *Pringle v. Modern Woodmen of America,* 76 Neb. 384, 107 N. W. 756, 113 N. W. 231. These cases, however, are distinguishable from the case at bar by the fact that the conditions violated in each of those cases worked a forfeiture of the entire benefit certificate by the terms of the contract, while in the instant case the entering upon the hazardous occupation by the terms of the contract merely exempts the association from liability for death resulting directly from such hazardous employment; the certificate remaining in full force and effect, and the company's liability continuing, if death resulted from any other cause than the prohibited employment.

Under the settled rule in this jurisdiction, as applied to agents of insurance companies organized for profit, the power of the agent to waive the conditions of the contract is determined by his duties and authority in making the insurance contract. It may be contended that a more liberal rule, if anything, should be applied in interpreting contracts between the beneficial insurance companies and members than is applied to contract between insurance companies organized for profit. However this may be, the rule applied to insurance companies organized for profit is that a local agent who has authority from

the company to solicit, execute, and deliver contracts of insurance has power to waive the conditions of the policy, but a local agent whose only power is to solicit applications for insurance and to forward them to the company for approval, and, when approved the company, issues the policy and causes it to be delivered to the insured, has no power to waive any of the provisions of the policy so delivered. *Western National Insurance Co. v. Marsh,* 34 Okla. 414, 125 Pac. 1094; *Insurance Co. of North America v. Little,* 34 Okla. 449, 125 Pac. 1098; *Merchants' & Planters' Ins. Co. v. Marsh,* 34 Okla. 453, 125 Pac. 1100.

It is not contended that the clerk of the local camp at Enid had authority to make the contract between the insured and the head camp, or that he did make it. It is admitted that the contract was entered into between the head camp acting by its proper officers and the assured. The question thus arises whether or not the clerk of the local camp at Enid had the power to change the contract between the assured and the association. Under the rule announced in the Marsh case, *supra,* it clearly appears that the record in the instant case fails to show that the clerk of the local camp had the power to change or waive any of the terms of the contract in suit. It was not alleged in the pleadings that he possessed this power, nor was any attempt made at the trial to prove that he was an agent possessed of such power. In this state of the case it was prejudicial error for the trial court to submit this question to the jury for determination, as was done.

It is contended by the plaintiff in error that the trial court erred in overruling its demurrer to the amended petition, inasmuch as the facts therein stated did not constitute a waiver or an estoppel, and therefore did not state a cause of action. The waiver attempted to be pleaded in the amended petition was that the defendant association, with knowledge of the fact that the insured had changed his occupation from a permissible one to a hazardous one, continued to accept his dues, and to retain him as a beneficial member in good standing. Courts that have construed the provision of the contract under consideration in this case sustain this view.

It was said by the Supreme Court of Nebraska in *Modern Woodmen of America v. Talbot,* 76 Neb. 621, 107 N. W. 790:

"As we view the contract, it did not become void by reason of the insured being engaged in the prohibited employment. It was in full force and effect as to all risk which the society assumed by its contract of insurance, and, had the insured met his death while so engaged, on account of any cause within the terms of the contract, the contract would have been enforceable, notwithstanding his employment as a railway brakeman, but the death of the insured on account of any cause directly traceable to a prohibited employment is one of the risks not assumed by the society. There is in this case no question of waiver by reason of the acceptance of dues and assessments by the society; the same consideration remained for the payment of dues and assessments as would have existed had the insured not engaged in a hazardous and prohibited employment."

And again the same court said, in *Crites v. Modern Woodmen of America,* 82 Neb. 298, 117 N. W. 776, referring to the Talbot case, *supra*:

"In that case we held that, under circumstances similar to those in this case, 'the society is not estopped from insisting upon its exemption from liability from the death of a member due to his engaging in a prohibited employment by accepting his dues and assessments with knowledge that he has entered upon such occupation.' "

The Supreme Court of Minnesota, in *Abell v. Modern Woodmen of America,* 96 Minn. 498, 105 N. W. 66, after discussing the terms of the contract fully, concludes as follows:

"We so construe the certificate, in connection with the bylaws and application. It follows that, during all the time the insured was engaged as a railroad freight brakeman, his benefit certificate was in full force and effect, except as to the hazards of such occupation, and hence the defendant was not estopped from pleading its exemption from liability for his death, which was due to such hazards, by accepting and retaining his dues; and, further, that, his death having resulted from one of the excepted causes for which it was stipulated that the defendant should not be liable, the court correctly directed judgment in its favor."

The Supreme Court of Michigan, in *Showalter v. Modern Woodmen of America,* 156 Mich. 390, 120 N. W. 994, said:

"That provision only rendered the certificate void as to any claim on account of the death of a member by accident directly

traceable to employment in such occupation or to disease directly traceable thereto. For death occurring from any other cause liability on the part of the company still continued, and it was not bound to assume that the payment made by the assured was with any other purpose than to maintain his policy in force for the benefits which could accrue and would accrue in case of death, notwithstanding the fact that he had engaged in an employment prohibited by by-laws 14 and 15. There was no waiver by reason of the acceptance of dues and assessments by this society."

Under these authorities, the facts alleged in the amended petition do not plead sufficiently a waiver or an estoppel, and for that reason the demurrer of the defendant thereto should have been sustained, and its overruling was prejudicial error.

Again, it is contended that the waiver attempted to be pleaded was different from that upon which the case was submitted to the jury, and upon which the plaintiff recovered in the court below, in this: that the waiver attempted to be pleaded was the acceptance of dues with knowledge that the insured was engaged in a hazardous employment, and retaining him as a beneficial member in good standing, while the cause was submitted to the jury on the assumption that the clerk of the local camp had authority to waive the plain and unambiguous terms of the contract of insurance, which specifically provided that the company should not be liable for death resulting from a hazardous employment. This theory was presented to the jury by instruction numbered 4, and excepted to by defendant. This instruction submitted to the jury the question of estoppel or waiver by the acts of the clerk of the local camp, and these, not having been pleaded, were not available to the plaintiff in the action. *Sapulpa v. Sapulpa Oil & Gas Co.*, 22 Okla. 347, 97 Pac. 1007; *Holt v. Holt*, 23 Okla. 639, 102 Pac. 187; *Cooper v. Fleshner*, 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29. This was also prejudicial error.

The holding in the foregoing assignment of error also disposes of the exceptions urged to the admission of oral testimony detailing the acts of the clerk of the local camp claimed to work an estoppel or waiver when the same had not been properly

pleaded.   Under the issues as made by the pleadings, this testimony was not admissible, and the objection thereto should have been sustained.

For these errors, the judgment appealed from should be reversed, and the cause remanded for further proceedings not inconsistent with the view herein set out.

By the Court:   It is so ordered.