HARRIET BRUNER, Appellee, v. BROTHERHOOD OF AMERI-
CAN YEOMEN, Appellant.

**Pleading:** AMENDMENT: IRRELEVANT MATTER. An amendment which
1 presents new issuable averments should not be stricken, although
containing irrelevant or redundant matter. Under this rule it was
error to strike from the files an amendment to the answer, in an
action on an insurance certificate, because presenting for trial two
inconsistent defenses, one a denial of plaintiff's membership, the
other suspension from the order; even though setting out mat-
ter from the constitution, by laws and documents of the society
wholly irrelevant.

**Election of remedies.** The doctrine of election of remedies ap-
2 plies to causes of action and not to defenses.

**Mutual insurance:** MEMBERSHIP: CONDITION PRECEDENT: WAIVER.
3 Literal compliance with conditions precedent to membership in a
Mutual Benefit Society may be waived, but in the instant case the
facts are held insufficient to constitute waiver of the ceremony of
adoption necessary, under the rules of the society, to member-
ship.

*Appeal from Marshall District Court.*— HON. OBED CAS-
WELL, Judge.

FRIDAY, MAY 17, 1907.

REHEARING DENIED, MONDAY, DECEMBER 16, 1907.

ACTION at law to recover upon a certificate of member-
ship in a life insurance association. Verdict and judgment
for plaintiff, and defendant appeals.— *Reversed.*

*Boardman & Lawrence* and *C. E. Corey,* for appellant.

*J. L. Carney,* for appellee.

WEAVER, C. J.— This action is brought upon a life
benefit certificate or policy alleged to have been issued by

defendant, a fraternal insurance association or order, to one
Ernest Bruner, since deceased, and made payable to the
plaintiff.   To the petition the defendant answered, (1) de-
nying the issuance of the alleged certificate of policy; (2)
admitting that Ernest Bruner applied for membership in
the association, and that a certificate of membership for him
was made out and forwarded to the local lodge to which he
had applied for admittance, to be signed by the local officers
and delivered when said Bruner should present himself for
initiation in accordance with the rules of the order, but the
defendant alleges that said Bruner never did present himself
for initiation, never paid the membership fee or dues neces-
sary to entitle him to become a member, and never did in
fact become a member.   By an amendment to its answer the
defendant further alleged that, if said Ernest Bruner did in
fact become a member as alleged by plaintiff, he thereafter
failed and neglected to pay the dues and assessments accru-
ing against him, and thereby, under the laws and rules of
the order, became and was suspended from such member-
ship at and before the time of his death.   A part of this
amendment having been stricken on plaintiff's motion, de-
fendant filed a very lengthy amendment, restating with
great particularity the matters already referred to, and em-
bodying therein a large part of the constitution and by-
laws of the association, and considerable matter of an eviden-
tiary character.   A motion by the plaintiff to strike this
amendment from the files was sustained on the ground (1)
that it was improperly numbered; (2) that it was prolix
and involved in its statements, and included irrelevant and
redundant matter; and (3) that its evident purpose was
" to bridge over the gap between the defense of nonmember-
ship and suspension from the order."

On trial to a jury the evidence showed, without serious
dispute, the following facts:   The rules of the defendant as-
sociation governing admission of members provide that the
application of the candidate be made in writing and include

answers to certain questions concerning his personal history, occupation, and physical condition. If elected to membership by the local lodge, he is then to be examined by the local examiner, whose duty it is to forward the application, together with the report of the examination, to the medical director of the association. If the medical director approves the risk, he forwards the paper to the chief correspondent, or secretary of the order, whose duty it then becomes to issue a benefit certificate for the applicant, duly signed by the chief officers, and forward the same to the correspondent (secretary) of the local lodge to which the application was originally made, who is then to notify the candidate, and thereupon the latter shall be " adopted " at a regular or special meeting. We infer that the word " adopted " here used has reference to the ceremony of initiation. The right is reserved to the local lodge, if it so decide by a majority, both to refuse to adopt such candidate and return to him the membership fee which he is supposed to have paid in advance. If the applicant fails to report for adoption within ninety days from the date of his certificate, he is to forfeit his entrance fee, and, if he still desires to become a member, must renew his application. If the certificate is not taken up within the ninety-day period, it is declared that " the same shall become null and void and be returned to the chief correspondent."

With this statement, we return to the matters connected directly with the alleged membership of Ernest Bruner. On June 17, 1904, said Bruner made written application for membership in the local society of the association at Marshalltown, Iowa. There seems to be no record of his election to membership, but it does appear that a medical examination was given him, and the report of this examination, with the application, was forwarded to the medical director. As, according to the rules we have above referred to, the medical examination and the forwarding of the papers to the medical director were not in order until

after election to membership, we may infer that such election had been had.   At the time of making his application he paid to the proper officer one advance monthly payment of $1.70.   He is not shown to have paid the membership fee of $2, which is ordinarily required in advance.   It is the claim of the plaintiff, however, that, when Bruner was solicited to join the defendant association, he was already a member of another order of similar nature, and that in consideration of his abandoning his membership in the latter, and joining the defendant association, the advance membership fee was waived in his behalf.   The application and medical examination were duly approved by the medical director, and the chief correspondent then sent to the local lodge a benefit certificate for Bruner, duly signed by the chief officers.   On receiving it, the local correspondent gave or mailed notice to Bruner, and, in anticipation of his appearing in response thereto, the local correspondent and foreman indorsed upon the certificate a written statement: " Member adopted and certificate delivered this 12th day of July, 1904."   Bruner died April 17, 1905.   It is shown without controversy that he never appeared to claim or demand his certificate or to ask or seek the ceremony of adoption, and never made any payment to the association except the item of $1.70 in advance as above noted.

In addition to the matters already stated, counsel for appellee bases the right of recovery herein upon the following facts and circumstances:   Soon after making the application for membership Ernest Bruner removed from Marshalltown to Gladbrook, in an adjoining county.   After sending the certificate to the local lodge for Bruner by the chief correspondent, it appears that either by the general officers, or by some of the officers of the local lodge, notice of an assessment for August was issued to him.   Some time during that month Bruner was in Marshalltown, and called at the office of the local correspondent to pay his dues, but did not find her in, and returned to his home.   About the

same time his father called at the correspondent's office for the same purpose, and with like results. On September 24, 1904, replying apparently to an inquiry from Bruner, the chief correspondent wrote him, addressing him as "Brother," and saying: "Your policy is no doubt with the correspondent at Marshalltown, Mrs. Kate Brenneck, and all of your payments should be made to her." It appears, however, that the records of the local lodge contain an entry of the suspension of Bruner as of September 20, 1904. The by-laws of the association also provide that upon failure to pay any assessment or dues within the month for which they are called the member shall stand suspended, and during such suspension his certificate shall be null and void. So far as the evidence discloses, from September, 1904, to the date of his death, April 17, 1905, Bruner made no attempt to procure a delivery of his certificate, or, if he considered himself a member, to preserve his rights as such by payment of the monthly accruing assessments and dues. This record presents two material questions for our consideration.

I. Was there an error in the ruling of the trial court sustaining the plaintiff's motion to strike the amendment to the answer? The proposition that to allow amendments

1. PLEADING: amendment: irrelevant matter.

to pleadings is the rule, and to refuse them is the exception, is so firmly established in the law and practice in this state as to require no citation of precedents. Personally, the writer of this opinion believes that the tendency to unbounded liberality in this direction is an unfortunate one, productive of confusion of issues and protraction of litigation, but the remedy, if one is needed, must now be sought from the Legislature, and not from the courts. The rare exception to the rule by which the admission of an amendment to a pleading is upheld as a matter of right is more often than otherwise found in cases where such amendment is offered either upon the very eve of trial or while trial is in progress, and even then is ordinarily allowed on showing made therefor or upon

some penalty in costs.   Where the amendment is offered be-
fore trial is begun, and presents matter which has any reason-
able relevancy to the controversy to be decided, we think
our state authorities are all to the effect that permission to
file should be granted.   The fact that the pleading offered
is unduly prolix or contains allegations of mere evidence
or matter which is irrelevant or redundant is good ground
for a motion to prune it to proper proportions, but, so long
as it contains any new issuable averments, it is not ground
for refusing the amendment entirely or for striking it from
the files.   The amendment under consideration may be
justly criticised as setting out much more of the defendant's
constitution and by-laws than was relevant, and embodying
copies of documents which, if relevant as evidence, had
no proper place in the pleadings; but, aside from these re-
dundant matters, there remain the allegations of a good de-
fense which should have been allowed to stand.   We cannot
take the time nor space required to set out the details of this
defense.   We may say, however, that, if it had been allowed
to stand, the defendant would have occupied the position of
pleading, as it had a right to plead, two inconsistent de-
fenses:   (1) A denial that a certificate of membership had
ever been issued to Ernest Bruner, or that any contract for
benefits or insurance had ever been made with him; and (2),
assuming that if he did become a member as alleged by plain-
tiff, he had been duly suspended, and that at or before
the date of his death his certificate had become void and of
no effect.   The effect of the ruling now being considered
was to wholly eliminate this latter defense to the clear preju-
dice of the appellant.

Counsel for the appellee makes the point that because
these defenses are inconsistent the doctrine of election ap-
plies, and that the defendant must choose the one on which
he will put his case to the test of trial, but
cannot plead both.   The objection involves a
misapprehension of the rule cited.   It is applied in this

2. ELECTION OF
REMEDIES.

state to inconsistent causes of action, but not to inconsistent defenses. Our statute expressly allows the latter. Code, section 3620. We are united in the opinion that the ruling complained of was error which compels a reversal of the judgment below.

II.    In view of the fact that a new trial must be ordered, it is proper that we notice briefly the principal issue upon which the case was tried in the district court. Is the

3. MUTUAL IN-
SURANCE:
membership:
condition
precedent:
waiver.

evidence sufficient to sustain a finding that Ernest Bruner ever became a member of the defendant association and entitled to benefits as such ? . If, on the one hand, we are to rely wholly upon the written laws and rules of the association as to the requirements precedent to such membership, and upon the other upon the acts of Bruner in fulfilling such requirements, it is very clear that the contract never became complete. From the quotations we have already made, it will be seen that, unless the requirement was in some manner waived, " adoption " or initiation, following the election and medical examination, of the applicant, is a condition precedent to complete membership. Until that is done, he is still subject to be rejected upon the vote of the local lodge and a return of his advance payments. So, also, till that is done, the rules expressly provide that his benefit certificate shall remain in the hands of the local correspondent, to be delivered when the ceremonial adoption has been had, and upon failure of the candidate to appear for that purpose within ninety days it is to be returned to the chief correspondent. In addition to these rules, it is further provided by section 139 of the by-laws of the association that " the liability of this society for the payments of benefits upon its certificates shall not begin until all the acts, qualifications and requirements prescribed for the applicant in these by-laws shall have been fully complied with by him." That Bruner did not comply with all these conditions of membership will have to be admitted,

and, if he is to be treated as a member and the appellee entitled to maintain an action as the beneficiary of his membership, it must be upon the theory of some waiver or estoppel on part of the appellant.   *Matkin v. Supreme Lodge,* 82 Tex. 301 (18 S. W. 306, 27 Am. St. Rep. 886).

We are of the opinion that a literal compliance with the conditions may be waived by the association, and that circumstances may arise under which it will be held estopped to allege noncompliance with such conditions in defense to an action for the recovery of benefits.   If, for example, compliance with a given condition is habitually ignored by the association in its admission of members, or if an applicant upon a performance of part of the conditions is given recognition as a member, accorded entrance to its meeting, charged with accruing dues and benefit assessments and his payment thereof accepted and retained, we think no court would allow the society to escape payment of the benefits which pertain to membership simply because it may appear that one or more of the conditions prescribed in the formal rules or by-laws of such society as precedent to membership appear to have been omitted.   Nor is the delivery of the policy or certificate in all cases essential to membership if the right to receive it is established by competent evidence.   *Tayloe v. Ins. Co.,* 9 How. (U. S.) 390 (13 L. Ed. 187); *Union Central Ins. Co. v. Pauly,* 8. Ind. App. 94 (35 N. E. 190); *Kimbro v. Ins. Co.,* 134 Iowa, 81; *Delaney v. Accident Club,* 121 Iowa, 528.

But, as we read the record before us, it contains nothing upon which the court could find any habit or practice upon the part of the defendant association or of the local lodge to ignore or omit the requirement of "adoption" as preliminary to the recognition of an applicant as a qualified member.   Nor do we find sufficient to justify the conclusion that such recognition was accorded in this particular case to Ernest Bruner.   True, there are a few circumstances shown, such as the sending to Bruner a notice of

the August assessment and the entry of his suspension in one of the books of the local correspondent, which are consistent with the theory that he was recognized as a member; but the manner in which these things occurred is not so clearly revealed that they will alone sustain the alleged waiver or estoppel. It does not appear that Bruner was assured by any one in authority that formal adoption would not be required, or that his name was entered upon the roll or records of the lodge as a member, or that any account was made or entered in its books in which he was charged with current dues or assessments other than the advance charges which accompanied his application for membership. He is not shown to have claimed to be a member except as some inference of that nature may be drawn from an attempt in August to find the local correspondent in order to pay his dues, and from his inquiry of the chief correspondent in September; but both of these incidents are entirely consistent with an understanding on his part that he must be " adopted " or initiated before his rights to the benefits of membership should become perfect. So far as we are told, he never attended a meeting of the lodge or claimed the right to do so, and, although the letter from the chief correspondent in September informed him where his policy could be found and where his payments should be made, there is no word or intimation given that he ever attempted to avail himself of this information. True, a few days prior to this letter the local correspondent had marked him in her record as " suspended," but, if this fact came to his knowledge, he seems to have accepted the situation, and thereafter until the date of his death, seven months later, conducted himself as an entire stranger to the association. Taken as a whole, we think the showing will not sustain the conclusion that Bruner ever became a member of the association. As other facts may be developed on a retrial, we make no suggestion as to a final order or judgment upon a remand to the court below.

. Other questions suggested in argument are not properly within the issues on which the case was tried, or they involve points not likely .to arise upon another hearing.

For the reasons stated, the judgment of the district court is *reversed*.