FLORA E. PATTERSON

*vs.*

SUPREME COMMANDERY UNITED ORDER OF THE GOLDEN CROSS
OF THE WORLD.

Knox.    Opinion September 12, 1908.

*Contracts.    Insurance Application.    Approval of Same a Condition Precedent.
Defendant Not Estopped.*

The by-laws of the defendant fraternal beneficiary organization prescribe the following steps to be taken by one desiring to become a member of the society. He makes a written application. His application is balloted upon. If the applicant is "elected to receive the degrees," he is then examined in respect to his physical condition by the subordinate commandery medical examiner. If the result of this examination is favorable, he is initiated into the commandery with ritualistic ceremonies having first paid certain fees and dues, including one assessment to the Benefit Fund. The application and medical examination are then forwarded to the Supreme Medical Director of the organization, for his approval or disapproval. If he approves, the application is returned to the subordinate commandery by him, and is sent by the proper officer to the Supreme Keeper of Records, and the initial assessment for the Benefit Fund, paid by the applicant before initiation, together with assessments, paid by members generally, on the first day of the following month, is forwarded

to the Supreme Treasurer on or before the tenth day of the month. But the by-laws provide that no rights of membership in the order shall accrue by initiation, nor shall the applicant or his beneficiary possess any claim on the Benefit Fund, nor shall a benefit certificate be issued to the applicant, until said application has been approved by the Supreme Medical Director, and shall have been sent by the Keeper of Records of the subordinate commandery to the Supreme Keeper of Records. All the requirements hereinbefore mentioned having been performed and complied with, the applicant shall be received into membership in the order."

The plaintiff was the intended beneficiary of one Patterson, who made application for membership in a subordinate commandery and pursued the several steps above mentioned, and on Sept. 27, 1906, was duly initiated. His application and medical examination were forwarded to the Supreme Medical Examiner, who on the next day, Sept. 28, approved the same. But earlier in the same day, Patterson was accidently killed.

*Held:* (1) That the approval of the application by the Supreme Medical Director was a condition precedent to beneficial membership, and as such approval was not had in the lifetime of the applicant, he never became a beneficial member and his beneficiary has no claim on the Benefit Fund.

(2) That the failure of the subordinate commandery to return or tender back the assessment advanced by Patterson does not estop the defendant from making this defense. Since Patterson never was a beneficial member, it did not lie in the power of any of the defendant's officers, by acts or omissions to make him a member in effect.

On report. Judgment for defendant.

Action of assumpsit by the plaintiff to recover the sum of $500, the same being the amount of certain life insurance for which Hollis L. Patterson, a son of the plaintiff, had made application in the defendant Order, the plaintiff being the beneficiary named in the application. The said Hollis L. Patterson was accidentally killed before his medical examination had been approved by the Supreme Medical Director, and before any certificate of insurance had been issued to him. Plea, the general issue.

When the action came on for trial, an agreed statement of facts was filed and the case was then reported to the Law Court to determine, upon the agreed statement, "the legal rights of the parties and all questions of law arising therefrom, and to render final judgment in accordance therewith."

The case fully appears in the opinion.

*Rodney I. Thompson,* for plaintiff.

*Frank B. Miller,* for defendant.

SITTING : EMERY, C. J., WHITEHOUSE, SAVAGE, PEABODY, SPEAR, BIRD, JJ.

SAVAGE, J.   The defendant corporation is a fraternal beneficiary organization, having a lodge system with ritualistic ceremonies of initiation of members, and carried on for the sole benefit of members and their beneficiaries, and not for profit.   It is the supreme body, having under it grand commanderies and subordinate commanderies. It provides under its charter and laws, by assessments on members, a Benefit Fund, out of which death benefits are paid to the designated beneficiaries of deceased members.   The assessments are collected and forwarded to the supreme treasury by means of the machinery of the subordinate commanderies.   Membership is acquired by making application to a subordinate commandery and pursuing the steps prescribed by the laws of the society.   These steps, so far as material to this case, are as follows:   The application is balloted upon.   If the applicant is "elected to receive the degree," he is then examined in respect to his physical condition by the subordinate commandery medical examiner.   If the result of this examination is favorable, he is initiated into the commandery with ritualistic ceremonies, having first paid certain fees and dues, including one assessment to the Benefit Fund.   The application and medical examination are then forwarded to the supreme medical director of the organization for his approval or disapproval.   If he approves, the application is returned to the subordinate commandery by him, and is sent by the proper officer to the Supreme Keeper of Records, as the supreme secretary is styled, and the initial assessment for the Benefit Fund paid by the applicant before initiation together with assessments paid by members generally on the first day of the following month is forwarded to the supreme treasurer on or before the tenth day of that month.

The laws of the organization expressly provide, however, that "no rights of membership in the Order shall accrue thereby," that is, by initiation, "nor shall the applicant or his beneficiary possess any claim on the Benefit Fund, nor shall a benefit certificate be issued to the applicant until said application has been approved by

the Supreme Medical Director, and shall have been sent by the Noble Keeper of Records" (of the subordinate commandery) "to the Supreme Keeper of Records. All the requirements hereinbefore mentioned having been performed and complied with, the applicant shall be received into membership in the Order."

One Hollis L. Patterson on September 26, 1906, made application for membership in Ivanhoe Commandery, one of the defendant's subordinate commanderies, located at Rockland, and named his mother, the plaintiff in this action, as the beneficiary of his death benefit. He was elected. He successfully passed the required medical examination by the local medical examiner. He paid the regular monthly assessment of forty-one cents, and commandery dues amounting to seventy-five cents, and on September 27 was duly initiated in Ivanhoe Commandery. His application and medical examination were forwarded to the Supreme Medical Director who on the next day, September 28, approved the same. But earlier in the same day Patterson was accidentally killed. Nothing further seems to have been done by anyone. Patterson was not reported to the Supreme officers as having been admitted or initiated. No benefit certificate was ever issued. The assessment of forty-one cents which Patterson paid was not, as we infer from the agreed statement, reported or forwarded to the supreme treasurer, but remained in the hands of the subordinate commandery. It has never been returned or tendered.

This action is brought to recover five hundred dollars, the amount of death benefit for which application was made. It is resisted on the ground that Patterson never became a beneficial member of the Order, that the terms and conditions of membership which were necessary to be performed before he would be a beneficial member were not all performed in his lifetime, and that at the time of his death there was no contractual liability on the part of the defendant.

We think this contention must be sustained. The defendant, if liable at all must be liable as upon a contract,—a contract of insurance. The terms and conditions of the contracts of this defendant with its members are to be found, in part at least, in its constitution and laws. It had a right to impose terms and conditions upon those

who sought membership.    All applications must be held to have been made subject to those terms and conditions.    In this case one of those terms and conditions was that the approval of the application by the Supreme Medical Director should be a condition precedent to beneficial membership, and that until such approval neither the applicant nor his beneficiary should have any claim on the Benefit Fund.    This was the sine qua non.    The election was not sufficient, nor was a satisfactory medical examination by the local examiner.    The initiation was not enough.    It was a step, but it was only a step.    It gave the applicant a certain status, as, if his medical examination was finally disapproved, the laws of the Order gave him the option of remaining as a social member.    Approval of the application by the Supreme Medical Director was made essential. It was probably a wise requirement, but whether it was or not, it was one which the defendant had a right to make.

Patterson died before his application was so approved.    The intended contract was not completed in his lifetime.    At the time he died the defendant was under no liability to his beneficiary. Cases in point are *Matkin* v. *Sup. Lodge K. of H.*, 82 Tex. 301; 27 Am. St. Rep. 886; *Bruner* v. *Brotherhood of American Yeomen* (Iowa), 111 N. W. 977; *Sup. Lodge Knights and Ladies of Honor* v. *Johnson* (Ark.), 99 S. W. 834.

But the plaintiff contends that the right to make this defense has been waived or lost on account of the failure to return or tender back the forty-one cents which was paid as an assessment for the Benefit Fund.    We do not think so.    There are many cases which hold that when a forfeiture has arisen by reason of the failure of the member to pay an assessment within the prescribed time, the receipt and retention of the assessment afterwards, by the proper officer, is a waiver of the forfeiture.    But here there was no forfeiture by a member.    Patterson had no beneficial interest or right to be forfeited.    He never was a beneficial member.    And after his death, we do not think it lay in the power of any of the defendant's officers by any acts to make him a member in effect.    *Swett* v. *Citizens' Mut. Rel. Soc.*, 78 Maine, 541.    If not, how could that result be effected by failure to act?    Certainly it could not.    As

none of the elements of an estoppel exist, it is unnecessary to inquire whether the defendant could be estopped under any circumstances. Nor is it necessary to inquire whether the forty-one cents, conditionally paid by Patterson, but never in the Supreme treasury, should be returned to Patterson's estate by those who hold it.

*Judgment for the defendant.*