# BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN v. CORDER.

[No. 7,343.   Filed January 12, 1912.   Rehearing denied May 15, 1912.   Transfer denied January 23, 1913.]

1. APPEAL.—*Assignment of Errors.—Waiver.—Briefs.*—Error assigned is waived by appellant's failure to present it either under points and authorities in the briefs, or by other discussison. p. 216.

2. INSURANCE.—*Fraternal Insurance.—Parol Contract.—Complaint. —Sufficiency.*—A complaint against a fraternal order, stating that decedent applied to a local lodge for a beneficiary certificate, naming plaintiff, his sister, as beneficiary, that the application was accepted and approved, that he paid his fees, became a member and performed all the conditions required of him to entitle him to a certificate, that defendant agreed to insure his life for a specified sum to be paid to plaintiff on decedent's death, and that he was assessed as a member until his death, but that a certificate was never issued and that defendant refused to issue it, etc., sufficiently states a cause of action on the theory of a parol contract of insurance.   pp. 216, 218, 219.

3. INSURANCE.—*Action on Parol Contract.—Complaint.—Testing Sufficiency.*—Although some writings are set out and made part of a complaint in an action against an insurance company, drawn on the theory of a parol contract, such fact does not require the sufficiency of the pleading to be tested by the rules applicable where the action is based on a certificate or policy actually issued.   p. 218.

4. CONTRACTS.—*Contract Partly in Writing.—Parol Contract.*—A contract that is partly in writing and partly in parol will be treated as a parol contract. p. 218.

5. INSURANCE.—*Fraternal Insurance.—Parol Contract.—Complaint. —By-Laws.*—In an action against a fraternal insurance company, where the complaint was on the theory of a parol contract of insurance, it was not essential to the sufficiency of the complaint that copies of the constitution and by-laws be set out therein. p. 219.

6. INSURANCE.—*Parol Contracts.*—A parol contract of insurance is valid and enforceable. p. 219.

7. INSURANCE.—*Fraternal Insurance.—By-laws.—Conditions Precedent.—Waiver.*—Where the by-laws of a fraternal insurance society make an application for a beneficiary certificate a condition precedent to initiation in a local lodge, and provide that the same shall be in possession of the lodge at the time of the initiation, that before initiation a committee of the local lodge must pass on the qualification of the applicant and recommend him for membership, and that the local physician must make the required medical examination and report thereon before initiation, and that if the applicant has met the conditions and is initiated within the prescribed time, he is entitled to a beneficiary certificate, subject only to the approval of the grand medical examiner, the action of a local lodge in initiating a member after the expiration of the time prescribed in the by-laws, and the failure of the grand lodge to reject him as a member of the lodge, was a waiver of the objection that he was not initiated within the prescribed time following his medical examination. pp. 224, 225.

8. INSURANCE.— *Fraternal Insurance.— By-laws.— Construction.*— Where the object of a fraternal order is not the seeking of profit, but the protection of its members and their beneficiaries by means of indemnity, its constitution, by-laws and other writings are to be liberally construed to promote the benevolent objects of the organization. p. 224.

9. INSURANCE.—*Fraternal Insurance.—By-Laws.—Waiver.*—A fraternal insurance organization may waive compliance with a by-law or regulation made for its benefit, and it may ratify the action of a local lodge in waiving compliance with any such by-law or regulation. p. 225.

10. INSURANCE.—*Fraternal Insurance.—Medical Examiner.—Powers.*—Where the authority of the grand medical examiner of an insurance order, under its constitution and by-laws, extended to the determination of the physical qualifications of the applicant, and to the ascertainment that the application complies generally with the prescribed forms, rules and laws of the order, he had no authority to deny an applicant a beneficiary certificate because

he was not initiated within a certain time after medical examination, as prescribed by the laws of the order.    p. 226.

11.    APPEAL.—*Assignment of Errors.*—*Motion for New Trial.*—The action of the trial court in denying a motion to require an answer returned by the jury to an interrogatory to be made more specific, is not properly presented by assignment of error, but the alleged error is ground for a motion for a new trial.    p. 228.

From Gibson Circuit Court; *John W. Brady,* Special Judge.

Action by Armedia Corder against the Brotherhood of Locomotive Firemen and Enginemen. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Thomas McDonald, Harvey Harmon* and *H. L. Dickson,* for appellant.

*Henry Kister, W. D. Robinson* and *W. E. Stilwell,* for appellee.

FELT, C. J.—This is an action by appellee, Armedia Corder, against appellant, Brotherhood of Locomotive Firemen and Enginemen, to recover on an alleged contract of insurance.

The errors assigned are the following.    (1) Overruling the demurrer to the first paragraph of complaint; (2) the same as to the second paragraph; (3) overruling appellant's demurrer to the second paragraph of reply to the second paragraph of answer; (4) overruling the motion to make the answer to interrogatory No. 32 more specific; (5) overruling the motion for judgment on the answers to the interrogatories; (6) overruling the motion for a new trial.    The first error is waived by appellant's failure to present it either under points and authorities in the briefs or by other discussion.

The second paragraph of the complaint is alleged to be insufficient because it avers conclusions and does not directly aver the material facts essential to a cause of action; also for failure to plead certain sections of the constitution and by-laws of appellant.    This

paragraph is long, but, in substance, charges that appellant is a corporation, a fraternal order, and is authorized to take applications for and to deliver beneficiary certificates to its members; that on August 22, 1907, William R. Cox, applied to the local lodge for membership and for a beneficiary certificate in the sum of $1,500, and named in said application appellee, his sister, as beneficiary; that this written application is in the possession of appellant; that said application for membership and for a beneficiary certificate was duly accepted and approved by appellant; that Cox paid his fees, was duly initiated, and became a member of appellant; that he performed all the conditions to be by him performed under the constitution and laws of appellant to entitle him to a beneficiary certificate; that in consideration of the payment of the sum named and the further obligations assumed by Cox, appellant promised and agreed to insure his life in the sum of $1,500, and agreed to pay that sum to appellee, his beneficiary, in the event of his death, and agreed to issue to him a beneficiary certificate in said sum, entitling him to all the rights and benefits of such certificate; that he was admitted to membership and was recognized as a beneficiary member by the subordinate lodge, and was assessed as such member until the day of his death; that the beneficiary certificate was never issued to him, and appellant refused and still refuses to issue the same, though often requested so to do; that after the death of Cox, appellee demanded from appellant the sum of $1,500, and appellant refused to pay the same or any part thereof; that it refused on the ground that Cox, during his lifetime, was not a beneficiary member and was not entitled to the beneficiary certificate, and that appellant was not liable for the payment of said sum or any part thereof. It is further averred that said Cox during his lifetime did and performed all the conditions to be by him performed under said agreement aforesaid; that appel-

lee has performed all conditions on her part to be performed by her as such beneficiary.

This paragraph proceeds on the theory of a parol contract for insurance; that decedent did everything required of him to entitle him to a beneficiary certificate, and that appellant wrongfully refused to issue the same to him.

The fact that some writings are set out and made a part of this paragraph of complaint is not sufficient to show that it must be tested by the rules of pleading where the suit is on a beneficial certificate or policy actually issued and in the possession of the beneficiary. If a contract is partly in writing and partly in parol, it will be treated as a parol contract. *Stauffer* v. *Linenthal* (1902), 29 Ind. App. 305, 64 N. E. 643.

The complaint shows the parties to the contract, its subject-matter, the insurable interest of appellee in the life of decedent, the amount of insurance, the premium or fees paid, and compliance with the conditions requisite to obtaining a beneficial certificate. The certificate was not issued and is not the foundation of the action.

In *New England Fire, etc., Ins. Co.* v. *Robinson* (1865), 25 Ind. 536, 538, the court said: "The policy of insurance, which the company agreed to issue, was not the foundation of the action, and a copy thereof was not, under the code, required to be filed with the complaint. The company having refused to issue the policy, it was not necessary that the complaint should be special, and show the conditions complied with. *Tayloe* v. *Merchants' Fire Ins. Co.* [1850], 9 How. 390 [13 L. Ed. 187]. * * * The conditions precedent were waived by the refusal of the company to issue the policy. *Post* v. *Aetna Ins. Co.* [1864], 43 Barb. 351."

In *Eames* v. *Home Ins. Co.* (1876), 4 Otto 621, 629, 24 L. Ed. 298, it is said: "It is sufficient if one party proposes to be insured, and the other party agrees to insure,

and the subject, the period, the amount, and the rate of insurance is ascertained or understood, and the premium paid if demanded. It will be presumed that they contemplate such form of policy, containing such conditions and limitations as are usual in such cases, or have been used before between parties.''

5. Appellee was not required to set out copies of the constitution and by-laws of appellant to state a cause of action on the theory of her complaint

The pleading shows that appellant's plan of insurance is carried on through and by means of local lodges subordinate to appellant, and that Air Line Lodge No. 2. 409, into which decedent was initiated, is one of such subordinate lodges; that said lodge has authority to receive and act on applications for membership, and beneficiary certificates, and that in so doing it represents and acts for appellant. It sufficiently appears that decedent's alleged contract for insurance was with appellant, and not with the local lodge, though the complaint in this respect is not a model pleading.

An oral contract for insurance is valid and enforceable. *Commercial Union Assur. Co.* v. *State, ex rel.* (1888), 113 Ind. 331, 15 N. E. 518; *New England Fire, etc., Ins.* 6. *Co.* v. *Robinson, supra; Posey County Fire Assn.* v. *Hogan* (1906), 37 Ind. App. 573, 77 N. E. 670; *Western Assur. Co.* v. *McAlpin* (1899), 23 Ind. App. 220, 55 N. E. 119, 77 Am. St. 423.

The second paragraph of complaint states a cause of action, and the court did not err in overruling the demurrer thereto.

The controlling questions in this case are: (1) Did the local lodge or the grand lodge waive the condition requiring candidates to be initiated within sixty days from the date of their medical examinations? (2) Did the local lodge have power to bind appellant by such waiver, independent of the grand lodge? (3) Did the grand medical examiner

have authority to reject a candidate solely on the ground
that he was not initiated within the prescribed time? (4)
Did appellant on the facts of this case have the right to
accept Cox's application for some purposes and reject it
for others? An intelligent consideration of these ques-
tions makes it necessary to state some additional and uncon-
troverted facts, and to give parts of the application made
by Cox and parts of the constitution and by-laws of ap-
pellant.

All persons seeking membership in appellant are required
to make the same application and pay the same fees; each
must take out a beneficial certificate if he becomes a mem-
ber and has the physical qualifications; each applicant is
examined by a local physician selected by the lodge, and
this examination and the report on his application must be
on file in the lodge when the initiation takes place.

The second paragraph of answer admits that appellant
has local lodges, and that appellant issues beneficiary cer-
tificates. It seeks to avoid the complaint by showing that
the constitution of appellant requires an applicant to be
initiated within 60 days after his medical examination, and
that Cox was not initiated within that time, and that the
medical examination of the applicant must be approved by
the grand medical examiner before he can receive a bene-
ficiary certificate; that said examiner disapproved Cox's
application, *for the reason* that he was not initiated within
60 days after the examination. This paragraph also sets
out certain sections of the constitution, and has, as exhibits,
copies of Cox's application for membership and his applica-
tion for a beneficiary certificate.

The second paragraph of reply seeks to avoid this answer
by pleading facts tending to show a waiver of the require-
ment that the initiation must be within 60 days after the
medical examination, and also that the grand medical ex-
aminer has no authority to disapprove a medical examina-
tion solely on the ground that the applicant was not admitted

within 60 days after his examination. The reply pleads a number of sections of the constitution and by-laws in reply to certain sections of the constitution pleaded in the answer.

That part of the application material here is as follows: "I, William R. Cox, desiring to make application for membership in Air Line Lodge Number 409 of the Brotherhood of Locomotive Firemen and Enginemen, hereby agree to comply with all the laws, usages and regulations of said Brotherhood now in force. I understand and agree that neither I, nor any beneficiary * * * shall be entitled to participate in the beneficiary department of said Brotherhood, nor shall said Brotherhood incur any liability whatsoever to pay me or my beneficiary any sum of money whatever, by my becoming a member of said Brotherhood until the Grand Medical Examiner shall have first examined and approved this application for beneficiary certificate, and in the event that the Grand Medical Examiner, who shall be the sole judge thereof, does not approve but on the contrary disapproves this application for beneficiary certificate, then I agree to be classified as a non-beneficiary member entitled to all the rights, privileges and benefits of the Brotherhood of Locomotive Firemen and Enginemen except those of participating in the beneficiary department."

Section 61 of appellant's constitution provides, in part, as follows: "A candidate for admission shall at the time of applying for admission for membership, make application for a beneficiary certificate, in substance as follows."

Section 63 of the by-laws is, in part, as follows: "When an applicant has been duly elected to become a member of the lodge, he may be, as soon as practicable, initiated: Provided that the applicant shall have filed with the secretary of the lodge an application for beneficiary certificate of the form prescribed by the officers of the Grand Lodge, and such application for beneficiary certificate shall be in the lodge room in the possession of the secretary of the lodge, or in the hands of the acting secretary of the lodge

at the time the applicant is initiated. Provided, also that an applicant upon initiation shall become a non-beneficiary member, and shall not become a beneficiary member until his application for beneficiary certificate is approved by the Grand Medical Examiner as provided herein. No applicant or beneficiary, or beneficiaries, shall be entitled to participate in the beneficiary department or in any other fund of the Brotherhood, neither shall the Brotherhood incur any liability to pay him or his beneficiary any sum of money whatever by reason of his becoming a member until the Grand Medical Examiner shall have examined and approved his application for beneficiary certificate; and in the event that the Grand Medical Examiner, who shall be the sole judge thereof, does not approve, but on the contrary, disapproves his application for beneficiary certificate, then such member shall be classed as a non-beneficiary member and entitled to the rights, privileges, and benefits of the brotherhood except those of participating in the Beneficiary Department.''

Section 64 is as follows: ''An applicant who has not been admitted by initiation or special dispensation within sixty days after the date of the medical examination required in his application for beneficiary certificate, shall forfeit his application fee and his right of admission into the lodge, and his application for beneficiary certificate shall become null and void; Provided that in case of sickness of the applicant or some unavoidable occurrence, the lodge may by the consent of the Grand Master, grant an extension of time, but when such an extension of time is granted, a new application for beneficiary certificate must be filed by the applicant under the same rules and requirements as before.''

Section 65 provides: ''Immediately upon the initiation of an applicant the secretary shall forward the application for beneficiary certificate to the Grand Secretary and Treasurer, who, after recording the membership shall refer it to

the Grand Medical Examiner, who shall, as soon as practicable, examine it to ascertain the physical condition of the applicant and whether the application complies with the Constitution, Rules and Regulations of. the Brotherhood.''

Section 39 provides: ''It shall be the duty of the Grand Medical Examiner to examine all applicants for beneficiary certificates and promptly pass upon the same. If the applicant possess the necessary qualifications prescribed by the Constitution, and can pass the required physical examination his application shall be approved by the Grand Medical Examiner, otherwise his application shall be disapproved.''

Section 163 provides: ''In case an applicant is unable to pass the required medical examination, or is over the age limit to participate in the Beneficiary Department, but is otherwise eligible to become a member he may be admitted as a non-beneficiary member.''

Decedent applied for membership in the local lodge and for a beneficiary certificate on August 22, 1907. He was examined by the local physician on August 22, 1907. The report of the committee approving his application was made on October 13, 1907. Notice of the approval of his application was mailed to Cox on October 14, 1907, stating that the initiations are held on Wednesday evenings and Sunday afternoons at the lodge room in Princeton, Indiana. Also calling attention to the fact that he should be initiated within 60 days from the date of his medical examination, and that he would be entitled to a beneficiary certificate after his initiation and the approval of his application by the grand medical examiner.

Cox was initiated on November 20, and on November 22, 1907, the grand medical examiner rejected his application for a beneficiary certificate, solely on the ground that he had not been initiated within 60 days from the date of his medical examination. Appellant on November 27, 1907, received and recorded the application, and on November

29, 1907, issued to Cox a non-beneficiary certificate, which he rejected and returned. He died on February 10, 1908. No question is raised as to the physical condition of Cox at the time of his application or initiation, nor as to the payment of fees and charges due up to the time of his rejection. No objection is made to his age, service or other requirements of the order entitling members to beneficiary certificates. If appellant wrongfully refused to issue to Cox a beneficiary certificate, to which he was entitled, it cannot take advantage of its own wrong, and thereby escape liability. The provisions of said section 63 make an application for a beneficiary certificate a condition precedent to initiation in a local lodge, and provide that the same shall be in the possession of the lodge at the time of the initiation. Before initiation a committee from the local lodge must pass on the qualifications of the applicant and recommend him for membership. The local physician must make the required medical examination and report thereon before initiation. When these conditions are met, the candidate may be initiated within the prescribed time, and if he has met the requirements of the laws and regulations of the order his right to a beneficiary certificate is then complete, subject only to the approval of the grand medical examiner on questions he is authorized to decide.

Appellant is a fraternal, mutual organization, not seeking profit, but the protection of its members and their beneficiaries by means of indemnity. Where this is the object, the constitution, by-laws and other writings affecting the rights of the parties are to be liberally construed to promote the benevolent objects of the organization. *Supreme Lodge, etc.*, v. *Schmidt* (1884), 98 Ind. 374, 381; *Supreme Lodge, etc.*, v. *Hutchinson* (1893), 6 Ind. App. 399, 406, 33 N. E. 816; *Schmidt* v. *German Mut. Ins. Co.* (1892), 4 Ind. App. 340, 344, 30 N. E. 939.

Section 64, *supra*, authorizes the local lodge, with the

consent of the grand master, to grant extensions of time for initiation beyond the sixty days from the date of the

7. medical examination, but in such case the applicant is required to file a new application. The local lodge had in its possession the application of Cox for a beneficiary certificate, when he was initiated, and he was necessarily present, giving opportunity for objections, and also subject to further examination. The sixty days having expired, the lodge could have refused to initiate him, and he would have been compelled to forfeit his right to a beneficiary certificate and the fees paid by him. To have proceeded further, he would then have been required to make a new application. But the lodge saw fit to initiate him, and thereby, to the extent of its authority, waived any right to a forfeiture or a new application. This action of the local lodge did not bind appellant to accept Cox as a member, for it could still reject him on account of the time of his initiation, as provided in said section sixty-four. But it could not accept him as a member of any class, without waiving this objection. Where a by-law or regulation is for the benefit of such an organization as appellant,

9. compliance therewith may be waived by it. Appellant could waive objection to the time of the initiation, or its right to insist on a forfeiture of the fees paid by Cox, and likewise its right to object to his initiation on the pending application. It could also ratify the action of the local lodge in waiving objection to initiating the candidate after the 60 days had expired. 3 Am. and Eng. Ency. Law, 1084 note 1; *Bruner* v. *Brotherhood, etc.* (1907), 136 Iowa 612, 619, 111 N. W. 977; *Supreme Lodge, etc.,* v. *Johnson* (1907), 81 Ark. 512, 514, 99 S. W. 834; *Manning* v. *Ancient Order, etc.* (1887), 86 Ky. 136, 5 S. W. 385, 9 Am. St. 270; *Splawn* v. *Chew* (1883), 60 Tex. 532; *Morrison* v. *Wisconsin, etc., Ins. Co.* (1884), 59 Wis. 162, 18 N. W. 13; *Bloomington Mut. Ben. Assn.* v. *Blue* (1887),

120 Ill. 121, 11 N. E. 331, 60 Am. Rep. 558; *Protection Life Ins. Co.* v. *Foote* (1875), 79 Ill. 361; *Metropolitan Life Ins. Co.* v. *Johnson* (1912), 49 Ind. App. 233, 94 N. E. 785.

Section 64, *supra*, provides that on failure to be initiated within the prescribed time the applicant "shall forfeit his application fee and his right of admission into the lodge, and his application for beneficiary certificate shall become null and void."

The report of the local lodge to the grand lodge and the action of the grand medical examiner gave to the grand lodge full knowledge of all the facts showing that the applicant was entitled to a beneficiary certificate, and the only objection that stood in his way was that of the grand medical examiner based on the time of his initiation. In this situation, the grand lodge was by the laws of the order required either to insist on its right to a forfeiture and reject him altogether, as provided in section 64, *supra*, or to accept him as a member and issue to him a beneficiary certificate to which he was entitled as shown by sections 39, 65 and 163, *supra*. He had met the requirements of the order as to service, age and health. The grand lodge could have elected to reject him on account of the time of his initiation, but having accepted him as a member, it waived its right so to do. Appellant is bound by its constitution and by-laws the same as its members. It could not arbitrarily place the applicant in a class different from that to which he belonged under the laws of the order. When it accepted him as a member, it did so with full knowledge of the facts, and must be held to have known that he was entitled to a beneficiary certificate.

But it is insisted that the grand medical examiner had the right and authority to deny the applicant a beneficiary certificate because he was not initiated within 60 days from the date of his medical examination, and that his action justifies the refusal of appellant to issue him a beneficiary certificate.

As we have shown, the power to control the time of initiations is not vested in the grand medical examiner, but in the local lodge, with the consent of the grand master. It therefore appears that the grand medical examiner has no authority to reject an application on account of the time of his initiation, nor to work a forfeiture, nor to require a new application after the prescribed time has elapsed.

A careful consideration of the constitution, by-laws and form of application for members, leads us to the conclusion that the power and authority of the grand medical examiner extends (1) to the determination of the physical qualifications of the applicant, and (2) to the ascertainment that the application complies generally with the prescribed forms, rules and laws of the order.

As already shown, the authority to control the time of initiations is definitely fixed by the by-laws of the order and is vested in the local lodges by and with the consent of the grand master. There are no provisions conferring such authority on the grand medical examiner, and as the laws of the order clearly provide who shall exercise this power, it amounts to a denial of such authority to the grand medical examiner.

We therefore conclude (1) that the grand medical examiner exceeded his authority when he rejected the application of decedent because he was not initiated within the prescribed time; (2) that both the local and grand lodge waived objection on account of the time of the initiation; (3) that the applicant had met all the requirements and was entitled to a beneficiary certificate at the time a non-beneficiary certificate was issued to him, and the former was wrongfully withheld by appellant. These conclusions lead us to hold that the court did not err in overruling the demurrer to the second paragraph of reply to the second paragraph of answer, nor in overruling the motion for a new trial.

The fourth alleged error is not a proper assignment, but

is ground for a new trial, as the action complained of occurred at the trial below. However, in view of our conclusions as to the law of this case, it is apparent that no harm came to appellant by reason of this answer or the court's refusal to have it made more specific.

The answers to the interrogatories do not contradict, but support the general verdict. We find no available error in the record.

Judgment affirmed.

NOTE.—Reported in 97 N. E. 125. See, also, under (1) 3 Cyc. 388; (2, 3, 5) 29 Cyc. 222; (4) 9 Cyc. 299; (6) 29 Cyc. 62; (8) 29 Cyc. 16. As to the validity of oral contracts of insurance, see 138 Am. St. 31. As to the waiver of stipulations that conditions and forfeitures in insurance policies shall not be waived, or shall be waived in writing only, see 107 Am. St. 99. On the question of the waiver by a subordinate lodge of right of benefit association to insist upon forfeiture of benefit because of violation of laws of association, see 10 L. R. A. (N. S.) 136.