22881. SHUTT & COMPANY *v.* ANDREWS, executrix.

STEPHENS, J. 1. Where a contract is not in writing, but arises out of an open account, or is a contract "not under the hand of the party sought to be charged" or arises out of an "implied assumpsit or undertaking," an action for a breach thereof must be brought within four years after the right of action thereon accrues. Civil Code (1910), § 4362.

2. When a contract is not wholly in writing, but is partly in writing and partly in parol, the entire contract is considered as one in parol. 13 C. J. 246; Evans v. Shoonmaker, 2 D. C. App. 62, 71; Miller v. Sharp, 52 Ind. App. 11 (100 N. E. 108); Brotherhood of Locomotive Firemen &c. v. Corder, 52 Ind. App. 214 (97 N. E. 125); Tishbein v. Paine, 52 Ind. App. 441 (100 N. E. 766); Board of Commissioners v. Shipley, 77 Ind. 553; Louisville &c. Ry. Co. v. Reynolds, 118 Ind. 170 (20 N. E. 711); Wood v. Williams, 142 Ill. 269 (31 N. E. 681, 34 Am. St. R. 79); Wright v. Latham, 7 N. C. 298.

3. Where a speculator in the stock market deals through a broker who buys and sells for him on commission and makes advancements for him for the purchase of stock and charges the commissions and the advancements to the speculator's account, and where the only transactions in writing between the parties consist in a series of telegraphic messages and letters exchanged between them, in which the speculator directs the broker to buy or sell, as the case may be, stocks for him, and the broker acknowledges a compliance with the orders and informs the speculator that the speculator is indebted to him for advances made on his account, and requests payment thereon, and sends the speculator statements showing indebtedness for advancements and commissions, in which he informs the speculator that he has closed him out, but states that if the speculator will put up funds he will reinstate him, and the speculator expresses the hope that he will be reinstated, and promises to make certain payments to the broker on account, and admits to the broker that he is indebted to him and promises to pay every dollar that he owes, such written communications, in so far as they contain any elements of a contract, amount to no more than directions to the broker to buy or sell stocks for the speculator, and any obligation resting upon the speculator to pay commissions or make payments on the advancements arises outside of any contractual obligations, if there be any, contained in the written communications; and therefore the written communications do not constitute the entire contract between the parties, and, being the only evidence of such, the contract must be construed as a contract in parol and not one in writing. The contract is therefore "not under the hand of the party sought to be charged." A recovery for commissions and advancements is on an "implied assumpsit or undertaking."

4. A suit by the broker against the executrix of the speculator in such a case, to recover for advancements made on the speculator's account, and for commissions on transactions in buying and selling stocks for the speculator, where the only evidence of a written contract consisted in telegraphic communications and letters such as above indicated, exchanged between the broker and the speculator, was not an action upon a written contract, but was upon a contract "not under the hand of the party sought to be charged," and was upon an implied assumpsit or undertaking. The suit, being brought more than four years after the accrual of the right of action, was barred by the statute of limitations, and the court did not err in sustaining the demurrer on that ground.

*Judgment affirmed. Sutton, J., concurs. Jenkins, P. J., absent on account of illness.*

DECIDED SEPTEMBER 20, 1933. REHEARING DENIED SEPTEMBER 29, 1933.

532

*E. W. Maynard, R. L. Maynard,* for plaintiffs.
*Hollis Fort, Dykes & Dykes,* for defendant.