Albert H. SPRATLER, Appellant,

v.

GEORGIA ART SUPPLY COMPANY,
Appellee.

No. 18743.

United States Court of Appeals
Fifth Circuit.

Oct. 11, 1961.

Wyman C. Lowe, Atlanta, Ga., for appellant.

Herman Ross Arnold, Jr., Atlanta, Ga., for appellee.

Before CAMERON and WISDOM, Circuit Judges, and THOMAS, District Judge.

CAMERON, Circuit Judge.

Appellant Spratler, hereinafter referred to as plaintiff, appeals from a summary judgment entered by the court below against him and in favor of appellee Georgia Art Supply Company, hereinafter known as defendant. Plaintiff began this action by complaint filed January 6, 1958, claiming damages arising out of his discharge by the defendant January 6, 1954. He had begun working for the defendant in July, 1951. Hearings were begun on the motion for summary judgment December 15, 1959, were continued on two days in March, 1960, and were concluded, after a three-day hearing, with the filing of findings of fact and conclusions of law by the court below on July 15, 1960. The appeal is from the judgment entered on that date.

The appellant specifies twenty-five errors of the court below, most of which have to do with the minutiae of the trial, which continued actively over a period of about two and one-half years. These include such alleged errors as failure of the defendant to serve papers, its failure to answer requests for admission, failure of the court below to consider everything which it ought to have taken into account on a motion for summary judgment, and the like. The attack is in the nature of a scatter-gun effort to sustain the thesis that plaintiff was not accorded a fair and legal hearing. The record reflects that quite the opposite is true, and that the court below exhibited a rare degree of patience and of solicitude to insure ample opportunity to plaintiff to make out a case if he could.

The case really turns on the question whether plaintiff was suing upon a written contract or upon an oral contract. The trial court permitted the plaintiff to amend his complaint three times in an effort to exhibit with his pleadings the writings upon which he based his case. The court concluded that he had not done so.[1]

■ The court was of the opinion that there was no issue of fact with respect to the question whether plaintiff's contract with defendant was written or oral. In several pre-trial conferences and arguments on various phases of the case, the plaintiff was importuned to attach to the complaint copies of the writings which he contended constituted a written contract. He was never able to do so. The court held, therefore, that, at best, the contract was partly oral and partly written which, under Georgia law, required that it be treated as an oral agreement. "When the whole of a contract is not in writing, but where it is partly in writing and partly in parol, the entire contract is considered as one in parol." Shutt & Co. v. Andrews, 1933, 47 Ga. App. 530, 171 S.E. 219, and authorities cited.

■ The last order sent to defendant by plaintiff was dated January 30, 1953, according to the findings of the court below, and all expenses incurred by plaintiff were incurred prior to that date. It is difficult to follow such items in the confused record[2] and the voluminous briefs which have been filed, but nothing is pointed out which is at variance with the court's findings, and we therefore accept them.

■ We agree with the conclusion of the lower court also that plaintiff's action was one upon an oral contract of employment, which was terminable at will. There seems to be no dispute that the four year statute of limitations is applicable to such a situation.[3]

■ No good purpose will be served by setting forth the involved details of the dealings and communications between the parties and the argument of counsel with respect to them. The question of whether plaintiff could produce the writings upon which he relied to make this action one upon a written contract is a simple one. In our opinion, the trial court decided it correctly, and its judgment is

Affirmed.

---

1. "The original petition and each amended petition shows on its face that plaintiff was employed by defendant in July, 1951, under an oral contract of employment and was discharged by defendant in January, 1954.

"The original petition and each amendment thereto shows that the contract of employment between plaintiff and defendant was indefinite in its duration.

"* * * although this case has been active in the Court for over two and one-half years, plaintiff has never attached to his petition copies of the documents constituting the alleged written contract alleged to have been entered into between plaintiff and defendant January 2, 1954; nor has he, upon motion and pre-trial hearing, presented such documents or any evidence to show that either party or both parties entered upon the performance of the alleged contract, whether written or oral, before defendant's discharge."

2. Each of the parties filed, after the presentation of the case to us, a motion in diminution of the record. Under Rule 18 of this Court, 28 U.S.C.A., an imperfect record may be corrected as provided in Rule 75(h) F.R.Civ.P., 28 U.S.C.A. It is doubtful if either of these motions complies with the terms of that Rule. We have nevertheless considered the contents of the respective motions insofar as applicable to this case.

3. 2 Code of Georgia Annotated, Title 3, § 706:

"Open accounts; breach of contract not under hand of party; implied assumpsit. —All actions upon open account, or for the breach of any contract not under the hand of the party sought to be charged, or upon any implied assumpsit or undertaking, shall be brought within four years after the right of action shall have accrued."